(Decided 18th February, 1873.)

JOHN WALZ *vs.* CATHARINE ALBACK, Executrix of JOHN ALBACK.

*Irrelevant question—Liability of an Endorser of a Promissory note as a Maker.*

In an action on a promissory note, the plaintiff having proved by the maker that he signed it, and that before its maturity it was delivered to the testator of the plaintiff, to whose order it was made payable, and that at the time of such delivery, the name of the defendant was endorsed thereon, it was not competent for the defendant to ask the witness on cross-examination "for whose benefit was the note in question given?" The question was irrelevant.

If a promissory note made payable to the order of a particular person, be endorsed by a third person at the time, or before it is signed by the maker, and before it is delivered to the payee, such endorser in the absence of any evidence to qualify his liability, is to be regarded as an original promisor, and liable as such.

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, BRENT, BOWIE and ROBINSON, J.

*John Johnson, W. E. Gleeson* and *John J. Snyder*, for the appellant.

The defendant had the right to enquire into all the circumstances relating to the transactions between the parties, and especially into the consideration which passed between them; and further, the maker of the note, and the one primarily liable being produced on the part of the plaintiff, the defendant on *cross examination* should have had the liberty to thoroughly sift the witness, so as to show the relations of the paper and parties to the matter in dispute. *Ringgold vs. Tyson*, 3 *H. & J.*, 172; *Hunt vs. Edwards*, 4 *H. & J.*, 283; *Byles on Bills*, 61 (*margin*) 16 *Law. Lib.;* 2 *Starkie's Ev.* 169 & 170, (*top paging.*)

The prayer of the plaintiff is obnoxious to the objections, that it shuts out from the jury the entire enquiry into the *consideration* and circumstances attending the making and delivery of the paper and how the signature of the defendant was placed there: and also asserts affirmatively the right to recover on what is at best only a joint note, without leaving the whole circumstances surrounding the matter, to the jury. *Cline & Francis vs. Miller*, 8 *Md.*, 274; *Beall vs. Pearre, Admr. of Brown*, 12 *Md.*, 550.

The instructions asked for in the third bill of exceptions were intended as mere counterparts to the proposition contained in the first and second bills.

*Patrick M'Laughlin* for the appellee.

It is immaterial on what part of a promissory note a party signs his name, he will be held as maker if he signed it anywhere before it went into the hands of the payee. *Ives vs. Bosley*, 35 *Md.*, 262, 268; *Draper vs. Weld and others*, 13 *Gray*, 580, 584, 585; *Lyman vs.*

*Sherwood,* 20 *Vermont,* 42, 45, 47; *Robinson vs. Bartlett, et al.,* 11 *Minnesota,* 410, 413; *Perkins vs. Barstow,* 3 *Rhode Is.,* 503.

The party cannot explain his purpose in signing the note, unless the holder was aware at the time he took the note of the limits to the liability assumed by the defendant. *Ives vs. Bosley,* 35 *Md.,* 262, 268; *Hunt vs. Adams,* 5 *Mass.,* 358, 361; *Draper vs. Weld,* 13 *Gray,* 580, 585; *Lyman vs. Sherwood,* 20 *Vermont,* 42, 47; *Wood vs. Repold,* 3 *H. & J.,* 125, 132; *Yates vs. Donaldson,* 5 *Md.,* 389, 399, 401.

The record does not raise the question of consideration or no consideration. It does raise the question as to which of the two makers received the benefit. This is merely raising the question as to whether the paper was for the accommodation of one or the other of the makers. This is immaterial to the holder, even if he knew of it when he took the note; and will not be sufficient to put the plaintiff on proof of consideration. But, there is no evidence in this case to show, that the plaintiff had any knowledge for whose accommodation the said note was made. *Ellicott vs. Martin, Love & Co.,* 6 *Md.,* 509; 5 *Parsons on Bills and Notes,* 437, 438, *n. q.; Phelan vs. Moss,* 67 *Penn.,* 59.

A consideration is presumed in favor of a payee of a promissory note. 1 *Parsons on Bills and Notes,* 175; *Wood vs. Repold,* 3 *Harr. & John.,* 125, 132.

The possession of a promissory note is *prima facie* evidence of the right of the holder, and also of the fact that the holder gave value for it. 1 *Parsons on Bills and Notes,* 184; *King vs. Milsom,* 2 *Camp.* 5.

Bowie, J., delivered the opinion of the Court.

The appellee instituted suit on the 8th of July, 1872, in the Court of Common Pleas of Baltimore City, against the appellant, and filed her *narr.* in the form of an action

of *assumpsit*, containing the usual common counts, and a special count, on a promissory note of the appellant, dated the tenth of May, 1870, for five hundred dollars, (then over due,) payable two months after date to the appellee's testator.

The appellant pleaded that he never promised as alleged, and secondly, that he never was indebted as alleged.

At the trial, the plaintiff, to support the issue joined on her part, produced Peter Hermann, a competent witness, to prove the signature of the appellant, to the note, and also offered evidence tending to prove that the note, which was as follows:

"$500.00.                    BALTIMORE, MAY 10th, 1870.

" Two months after date I promise to pay to the order of John Alback five hundred dollars, at ———; value received.                    PETER HERMANN."

"Endorsed: John Wolf.

" (U. S. Stamp, duly cancelled, 25 cts.)

was delivered to the testator of the plaintiff, before its maturity, and *that at the time it was so delivered the name of the defendant, was written across the back of it;* and also proved by the said witness that he, "Peter Hermann," had before the delivery of the note, signed his name thereto. 'On cross-examination of the witness, the appellant asked him "for whose benefit was the note in question given?" which question being objected to by the appellee, the Court below excluded the same, to which ruling the appellant excepted.

The appellee then prayed the Court to instruct the jury "that if they believed from the evidence in the case, that the name of John Walz, the defendant, was written by him on the back of the note offered in evidence at the time or before said note was signed by Peter Hermann, and before it was delivered by the said Peter Hermann to the said John Alback, deceased, then they are to find for the

plaintiff; provided they believe that the plaintiff is the executrix of said John Alback, deceased, and provided they believe that said note was delivered by said Peter Hermann to said John Alback, deceased, in the life-time of said John Alback," which being granted, the appellant excepted.

The appellant then submitted three prayers, being the converse of the propositions embraced in the appellee's, and which are substantially as follows:

1st. That there is no sufficient evidence in the case to entitle the plaintiff to recover.

2d. "That the note itself is not *prima facie* evidence that the defendant placed his name on the back of the note as an individual maker thereof."

3d. "That the defendant is not liable in this action, upon the promissory note sued on in the case, unless they (the jury) find from the evidence in the cause that a demand has been made upon Peter Hermann, maker, and notice of non-payment to the endorser, John Walz, upon said note."

The appellant in his brief and argument contends that the rulings of the Court below in excluding the question propounded by the appellant, in the first bill of exceptions, deprived the defendant of the right of enquiry into the consideration of the note, and asserts that the maker of the note, and the one *primarily liable* being produced on the part of the appellee, the defendant on *cross-examination* should have had the liberty to thoroughly sift the witness, so as to show the relations of the paper, and the parties to the matter in dispute.

We do not perceive in the question any such scope or object as that ascribed to it by the appellant, or in its rejection, any such consequence as that imputed. The question as propounded made no reference whatever to the absence of a consideration, or the existence of an illegal consideration, but implying that a consideration had

passed, enquired for whose benefit the note in question was given. That was wholly immaterial. If the defendant executed the note under circumstances which in law made him a principal, as maker of the note, the fact that it was made for his accommodation, or that of his co-maker, constituted no defence to the action, and the circumstance that the joint-maker or co-promisor was a witness, and being cross-examined, did not in any manner change the rule of evidence, so as to authorize greater latitude of interrogation. The question was simply irrelevant, and properly excluded.

The second and third exceptions presenting the affirmative and negative of the same propositions, may be considered and disposed of together.

The evidence offered by the appellee tended to prove such facts, as if found by the jury, warranted the Court, in instructing them as prayed by the appellee, that if found, they should find for the appellee. The authorities on this subject are collected, and have been recently reviewed by this Court in the very analagous case of *Ives vs. Bosley*, 35 *Md.*, 268, 269.

Quoting from the Supreme Court of the United States in the case of *Rey; et al. vs. Simpson*, 22 *How'd*, 341, it is said, "When a promissory note made payable to a particular person or order, * * * is first endorsed by a third person, such third person is held to be an original promisor, guarantor or endorser according to the nature of the transaction, and the understanding of the parties at the time the transaction took place. If he put his name on the back of the note at the time it was made as surety for the maker, and for his accommodation, to give him credit with the payee, or if he participated in the consideration for which the note was given, he must be considered as a joint-maker of the note. On the other hand, if his endorsement was subsequent to the making of the note, and he put his name there at the request of

the maker, pursuant to a contract with the payee, for further indulgence or forbearance, he can only be held as guarantor.''

It was held in that case in pursuance of the principles cited, that the appellant Ives could not escape his liability as joint-promisor, which the law attached to his blank endorsement, unless he proved a different understanding of all the parties.

In the case before us, there was no evidence offered to qualify the liability of the appellant as joint-promisor, and all the testimony tended to fix his liability, as announced by the appellee's prayer.

It results from what we have said, that the appellant's prayers were properly rejected, there being no evidence or authority to support them.

There being no error in the rulings of the Court below, on the several exceptions, the judgment will be affirmed.

*Judgment affirmed.*

(Decided 20th February, 1873.)