## HIRAM MITCHELL *vs.* PETER McCLEARY.

*Pleading: General Demurrer—Sufficiency of a Declaration—Guaranty—Liability of Guarantor.*

A general demurrer will not be allowed to a declaration for a mere informal statement of the cause of action, if the statement be sufficient in substance.

In an action by the lessor of certain premises against a guarantor on his guaranty in writing that the lessee of said premises should pay the rent and comply with all his obligations in the lease, the declaration averred that "the defendant did on the day of the execution of said lease and *as part thereof*, and prior to, and as a condition precedent to the making of said lease and to the delivery of said property, guarantee in writing unto the said plaintiff in manner and form as follows;" and then followed the guaranty *ipsissimis verbis*. The declaration also repeatedly averred that the guaranty was a part and parcel of the consideration for the lease, that the lease was made on the faith of it, and that the premises were delivered, and the lessee took possession of them under and subject to said lease and guaranty. On a general demurrer to the declaration, it was HELD:

1st. That the declaration was sufficient.

2nd. That the guaranty being absolute, and not a mere overture or offer to guarantee, notice of its acceptance was not required to make the guarantor liable thereon.

The obligation of one signing and sealing a guaranty, which it was intended should be signed by him alone, is not impaired by the fact that the guaranty concluded "in witness whereof *we* have hereunto set *our hands* and affixed *our seals.*"

APPEAL from the Circuit Court for Garrett County.

The appellee leased in writing his woollen factory and farm lying on Mill Run, in Garrett County, to Valentine Boettner, for the period of five years, commencing on the 1st of April, 1869, upon terms specifically set out in the lease. Possession of the leased premises was delivered to

Boettner by the appellee. On the day of the execution of the lease, the appellant executed the following guaranty:

"I, — undersigned, do agree to, and with Peter McCleary, to guarantee to him that Valentine Boettner, will pay to him, annually, the rent of four hundred dollars in each and every year during his tenancy; and further guarantee that he will pay to Peter McCleary the said rent as is mentioned in the within agreement, which is as follows: That the said Boettner is to pay to the said McCleary the sum of two hundred dollars, on the first days of October and on the first days of April in each and every year of his lease; and we further agree and guarantee to Peter McCleary, that Valentine Boettner will comply in all respects with all his obligations as are mentioned and described in the within instrument of writing.

"In witness whereof, we have hereunto set our hands and affixed our seals, this twenty-second day of November, in the year of our Lord eighteen hundred and sixty-eight.

(Signed,)            HIRAM MITCHELL, [Seal.]
"Test:—(Signed)—Ambrose Brailer."

Upon the default of the lessee, this action was brought by the appellee against the appellant on the foregoing guaranty. The defendant demurred to the declaration; and the demurrer being overruled, he pleaded. The plaintiff demurred to the pleas and the demurrer was held good. The defendant thereupon, leave being granted, filed his amended pleas. Judgment was rendered for the plaintiff, and the defendant appealed.

The cause was submitted to BARTOL, C. J., STEWART, BOWIE, BRENT, GRASON, MILLER and ROBINSON, J.

*Wm. M. Price* and *Wm. Brace, Jr.*, for the appellant.

*A. H. Blackiston* and *M. A. Healey*, for the appellee.

MILLER, J., delivered the opinion of the Court.

The only question presented by this appeal is, was the Court below right in overruling a general demurrer to the declaration? That question must be decided in view of the fact that all that is now required for a declaration to contain, is a plain statement of the facts necessary to constitute a ground of action, and that no general demurrer will be allowed for a mere informal statement of the cause of action if that statement be sufficient in substance. *Code, Art.* 75, *secs.* 3, 7. The suit is upon a guaranty given by the defendant to the plaintiff that one Boettner shall pay the rent and comply with all the other obligations on his part mentioned in a lease of certain property leased by the plaintiff to him. From its terms this guaranty appears to have been written upon the lease itself. The case has been submitted on brief notes by the appellant's counsel, and we shall with equal brevity dispose of the few objections they make to the declaration.

1st. They say the guaranty set forth in the declaration is upon its face an *agreement* to guarantee rather than a *guaranty* itself. We do not so read it. The defendant not only agrees to guarantee but in express terms *actually guarantees* that Boettner will pay the rent and comply with all his obligations in the lease.

2nd. It is next objected that the declaration alleges that the delivery of the guaranty was *prior* to the making of the lease, and the transaction was not complete until the guaranty was *accepted* and *notice* given to the defendant of its acceptance. One of the averments in this respect is that "the defendant did, on the day of the execution of said lease and *as part thereof,* and prior to, and as a condition precedent to the making of said lease and to the delivery of said property, guarantee in writing unto the said plaintiff in manner and form as follows:" and then the guarantee is set out *in hæc verba.* This is quite sufficient, but it is elsewhere repeatedly averred in the

Mitchell *vs.* McCleary.

declaration that the guaranty was a part and parcel of the consideration for the lease, that the lease was made on the faith of it, and that the premises were delivered and Boettner took possession of them under and subject to said lease and guaranty. Besides, this was an absolute guaranty and not a mere overture or offer to guarantee, and it is quite clear upon all the authorities, that in a case like the present, no notice of its acceptance was required to make the guarantor liable thereon. *Wilder vs. Savage*, 1 *Story's C. C. Rep.*, 32 ; *Paige vs. Parker*, 8 *Gray*, 211 ; *Caton vs. Shaw, et al.*, 2 *H. & G.*, 22 ; *Nabb vs. Koontz*, 17 *Md.*, 288.

3rd. The guaranty concludes, "in witness whereof *we* have hereunto set *our hands* and affixed *our seals*," and is in fact signed and sealed by the defendant alone, and this is relied on as an evident imperfection in the instrument. But it was in fact signed and sealed by the defendant, and these mere inaccuracies of expression make it none the less *his obligation*, and none the less binding on him. The whole tenor of the instrument and the averments of the declaration show it was intended to be signed by him alone, and to be his guaranty.

4th. It is conceded that the fact that there is no direct consideration set out in the guaranty is covered by the decision in *Nabb vs. Koontz*, 17 *Md.*, 283.

5th. The last objection is that the declaration contains two counts, in each of which the claim of $2000 damages is made, and then the declaration concludes with a claim for $5000 damages. But this, if anything, is a mere *informality*, which is fully met by section 7, Art. 75 of the Code.

*Judgment affirmed.*

(Decided 3d June, 1875.)