Culbertson vs. Smith.

(Decided 12th December, 1879.)

SAMUEL CULBERTSON vs. MARTHA McD. SMITH.

*Action on the Guaranty of a Single bill—Effect of a blank Endorsement made Subsequent to the delivery of the Single bill; and also of a Guaranty written over said Endorsement— Effect of Evidence to show that the Instrument was not to be considered complete until the Endorsement was made— Statute of Frauds, 29 Car. II, ch. 3, sec. 4.*

M. McD. S., the mother of G. G. S., wrote her name across the back of a single bill made by G. G. S. in favor of S. C. The indorsement was written about nine months after the date and delivery of the single bill. The payee sued M. McD. S. as upon a guaranty of the payment of the bill; and at the trial wrote over her blank indorsement the following: "In consideration of the loan of the money mentioned in the within single bill to my son, and in fulfilment of his representations to the payee that I would guarantee or become the surety for the payment of the money, and in consideration of the payee's promise and agreement not to press the payment of this single bill at its maturity, and to forbear suit thereon for two years or more; I hereby guarantee the payment thereof to the said S. C. should G. G. S. make default in payment thereof." In order to meet the defence taken by the defendant, that there was no sufficient writing to gratify the requirement of the Statute of Frauds, and that there was no sufficient consideration for the alleged undertaking, the plaintiff offered evidence for the purpose of showing that the contract as between himself and G. G. S. resulting in the making and delivery of the single bill was not complete and

executed until the blank indorsement was placed thereon by the defendant; that the single bill had been made and delivered provisionally only, previous to that time; that it was contemplated from the beginning of the transaction that the defendant would become surety for the ultimate payment of the money loaned, and for which the single bill was given, and that the money was loaned upon that assurance and understanding as between the original parties to the single bill. HELD:

1st. That notwithstanding the parol evidence offered by the plaintiff, the Statute of Frauds presented an insuperable barrier, and he could not recover.

2nd. That the note being under seal the party placing her name upon the back of the note, could not be regarded as a joint obligor with the maker of the note, nor could she be regarded as an indorser in the ordinary sense of that term, which implies obligation to pay, as upon a negotiable note.

3rd. That the circumstances of the case all repelled the idea that there was anything inchoate or incomplete in regard to the binding effect of the note itself as between the original parties to it.

4th. That the blank indorsement having been placed upon the note nine months after its date and delivery, that indorsement, if it could have any effect at all, could only be effective as a guaranty.

5th. That the mere blank indorsement of the defendant, a third party, on the single bill, could not be construed into such an agreement or note in writing as would gratify the Statute of Frauds, 29 Car. II, ch. 3, sec. 4; nor was the Statute gratified either in its letter or object, by the subsequent writing placed over the signature of the defendant by the plaintiff.

APPEAL from the Circuit Court for Washington County.

This action was instituted by the appellant against the appellee.

The case is stated in the opinion of the Court.

The prayers of the plaintiff, which the Court (PEARRE and MOTTER, J.,) rejected, are omitted, as they are of unusual length, and their insertion would only encumber the case, without serving to elucidate the questions involved, which are fully presented in the opinion of this Court.

Culbertson *vs.* Smith.

The defendant offered no prayers. The Court instructed the jury as follows:

If the jury shall find that the single bill, offered in evidence in this case, was executed by George G. Smith, and delivered to the plaintiff on the 1st of May, 1871, and that the plaintiff, at that time, loaned to the said Smith, the money mentioned therein; and that in February, 1872, the defendant endorsed her name in blank on said single bill, and that at the trial of this cause the plaintiff, by his attorney, wrote over said blank signature the undertaking now appearing thereon and offered in evidence to the jury, the plaintiff cannot recover in this action, because the said undertaking for both or either of the considerations therein expressed, is within the fourth section of the Statute of Frauds, and there is no evidence in this cause which shows any compliance with the said Statute—that is, a written agreement or any note or memorandum thereof, signed by the said defendant.

The plaintiff excepted, and the verdict and judgment being against him, he appealed.

The cause was argued before BARTOL, C. J., BOWIE, BRENT, MILLER, ALVEY and IRVING, J.

*Louis E. McComas* and *Andrew K. Syester,* for the appellant.

*H. Kyd Douglas,* for the appellee.

ALVEY, J., delivered the opinion of the Court.

This action is founded upon what is alleged to be a guaranty by the appellee of payment of a single bill, made by George G. Smith, the son of the appellee, to the appellant, for $3,663.

The single bill is dated the 1st of May, 1871, and is made payable twelve months after date. It was, on the

day of its date, delivered to the appellant for money borrowed by Smith; and about nine months thereafter, the appellee wrote her signature, without any thing more, across the back of the note; and over this blank indorsement the appellant, at the trial below, wrote the following:

"In consideration of the loan of the money mentioned in the within single bill to my son, and in fulfilment of his representations to the payee that I would guarantee or become surety for the payment of the money, and in consideration of the payee's promise and agreement not to press the payment of this single bill at its maturity, and to forbear suit thereon for two years or more, I hereby guarantee the payment thereof to the said Samuel Culbertson, should George G. Smith make default in payment thereof."

The appellee pleaded that she never promised, or was never indebted, as alleged, and that she never made the guaranty alleged; and she resisted the appellant's right to recover upon two grounds: 1. That there was no sufficient writing to gratify the requirement of the Statute of Frauds; and, 2. That there was no sufficient consideration for the alleged undertaking. There was an agreement that all errors in pleading should be waived, and that either party should be at liberty to introduce any evidence that would be admissible under a proper state of pleading

In answer to the defence of the appellee, the appellant contends, and offered evidence for the purpose of showing, that the contract as between the appellant and George G. Smith, resulting in the making and delivery of the single bill, was not complete and executed, until the blank indorsement was placed upon the single bill by the appellee; that the single bill had been made and delivered provisionally only, previous to that time; that it was contemplated from the beginning of the transaction,

that the appellee would become surety for the ultimate payment of the money loaned, and for which the single bill was given, and that the money was loaned upon that assurance and understanding, as between the original parties to the single bill. But, notwithstanding the parol evidence offered by the appellant, the Court below held that the Statute of Frauds constituted an insuperable barrier, and that the appellant could not recover; and, after careful consideration, we fail to discover any ground upon which that ruling can be successfully questioned.

In the case of promissory notes, and also of non-negotiable notes, not under seal, questions often arise as to the effect of a blank indorsement placed thereon by a party other than the payee or his indorsee, the question, in such case, being whether the party thus indorsing should be held liable as an indorser, or as an original promisor. *Story's Pro. Notes, sec.* 473. And in all such cases, in order to construe such blank indorsement into a joint original promise with that expressed upon the face of the note, it is necessary that it should appear either that the signature was placed on the note at the time it was made or before it passed to the payee, or so soon thereafter, and under such circumstances, as will give it relation to the original making of the note. This is the principle of many of the cases relied on by the appellant; as, for example, *Moris vs. Bird,* 11 *Mass.*, 436. In that case it was held, that although the blank indorsement was placed upon the note subsequent to the time at which the note was made and delivered by the principal debtor, yet the act of placing the signature upon the note should be referred to the date of the note; and that the party thus signing the note in execution of a previous promise should be held to assent to such reference, so as to be considered as having placed his name upon the note before it was passed to the payee, and thus be made an original promisor. So in the case of *Samson vs. Thornton,* 3 *Metc.*, 275,

Culbertson *vs.* Smith.

and again in the case of *Union Bank vs. Willis*, 8 *Metc.*, 504. And in the case of *Hawkes vs. Phillips*, 7 *Gray*, 284, much relied on by the appellant, it was held, that where a person, not a party to a promissory note, who, after its delivery to the payee, placed his name upon the back of it, pursuant to an agreement made with the payee *before* the making of the note, though without the knowledge of the maker, was liable on the note as a joint maker. These cases, and others decided upon the same principle, are not within, and therefore not affected by, the Statute of Frauds, and, consequently, parol evidence was admissible for the purpose of showing the circumstances under which the signatures were placed on the notes.

But in the case under consideration, the note being under seal, the party placing her name upon the back of the note cannot be regarded as a joint obligor with the maker of the note, nor can she be regarded as an indorser in the ordinary sense of that term, which implies obligation to pay, as upon a negotiable note. The circumstances of the case, moreover, all repel the idea that there was any thing inchoate or incomplete in regard to the binding effect of the note itself, as between the original parties to it. The note must speak for itself. It is an unqualified promise to pay, after the lapse of a definite period of time, under the hand and seal of the debtor. It was duly delivered, and thereby the original debt was merged, and it has ever since been held by the payee ; and there can be no question of its being completely binding upon the maker, irrespective of the fact whether the appellee had ever indorsed it or not. The blank indorsement having been placed upon this note nine months after its date and delivery, that indorsement, if it could have any effect at all, could only be effective as a guaranty, and that is the nature of the contract as expressed by the appellant in the writing over the signature of the appellee.

Such being the case, the important question is, whether the blank indorsement of the appellee authorized the writing of such contract over the signature as has been written, and whether that contract can be enforced under the Statute of Frauds, 29 *Car.*, *II*, *chap.* 3, *sec.* 4, which provides "that no action shall be brought whereby to charge the defendant upon *any special promise* to answer for the debt, &c., of another person, &c., unless the *agreement* upon which such action shall be brought, or some memorandum or note thereof, shall be *in writing*, and signed by the party to be charged therewith," &c.

In England, prior to the Mercantile Law Amendment Act of 19 and 20 Vict., chap. 97, sec. 3, which made a change in this respect, the construction of the foregoing provision of the Statute of Frauds was established, to the effect, that the word *agreement* should be understood as requiring written evidence of the consideration for the promise as well as the promise itself; and therefore, when one promised in writing to pay the debt of a third person, without stating on what consideration, it was held that parol evidence of the consideration was inadmissible, and, consequently, such promise, appearing to be without consideration upon the face of the written engagement, was *nudum pactum*, and gave no cause of action. This was the construction adopted in the leading case of *Wain vs. Warlters*, 5 *East*, 10, and that construction has been, without qualification, adopted in this State, and strictly adhered to in all the decisions of this Court. *Wyman vs. Gray*, 7 *H. & J.*, 409; *Elliot vs. Giese, Ib.*, 457; *Aldridge & Higdon vs. Turner*, 1 *G. & J.*, 427; *Nabb vs. Koontz*, 17 *Md* , 283; *Mitchell vs. McCleary*, 42 *Md.*, 374; *Deutsh vs. Bond*, 46 *Md.*, 164; *Ordeman vs. Lawson & Bro.*, 49 *Md.*, 135.

Of the undertakings within this provision of the Statute of Frauds, there are two classes which should be carefully discriminated, the one from the other. In the first are

Culbertson *vs.* Smith. ·

cases in which the guaranty or promise is collateral to the principal contract, but is made *at the same time*, and becomes an essential ground of the credit given to the principal debtor. In such case, there is not, nor need be, any other consideration than that moving between the creditor and the original debtor. And in the second class are cases in which the collateral undertaking is subsequent to the creation of the debt, and is not the inducement thereto, although the subsisting liability is the ground of the promise, without any distinct and unconnected inducement. In this case, there must be some further consideration shown, having an immediate respect to such liability; as the consideration for the original debt will not attach to the subsequent collateral promise. *Story Pr. Notes*, sec. 457; 1 *Pars. on Contr.*, 496; *Leonard vs. Vredenburgh*, 8 *John.*, 29.

To the first of these classes the cases of *Nabb vs. Koontz* and *Mitchell vs. McCleary* belong, in which the guaranties were held good; and to the second class the cases of *Elliott vs. Geise*, and *Aldridge & Higdon vs. Turner*, belong, in which the guaranties were held bad, because, while the promises were sufficiently expressed, there was a failure to express in writing the consideration upon which they were founded.

In the case of *Nabb vs. Koontz, supra*, the defendant, at the foot of a promissory note of a *féme covert*, made payable to the plaintiff, *for value received, at the same time* of the making and delivery of the note, wrote and signed the following guaranty: "I hereby guarantee the payment of the above note on maturity." The question in that case was, whether the guaranty sufficiently expressed the consideration, to gratify the Statute of Frauds; and this Court held that it did. The writing signed· by the party sought to be charged clearly expressed the promise, and by reading the written promise of guaranty, made simultaneously with the note, as referring to the note,

and as part of one and the same transaction, the consideration for the guaranty was made sufficiently apparent by writing. The consideration that supported the note equally supported the guaranty. And upon the same principle the case of *Mitchell vs. McCleary, supra,* and also that of *Coldham vs. Showler,* 2 *Car. & K. N. P.,* 261, were decided; and many other cases to the same effect might be cited.

There are cases to be found where parol evidence has been admitted to support guaranties sought to be enforced, by showing the consideration for the undertaking; but those decisions have been made in States, as in Massachusetts and others, where it is held, that the promise only, and not the consideration, need appear on the face of the guaranty itself. *Packard vs. Richardson,* 17 *Mass.,* 122. But, as we have shown, this is not the law of this State. Here the effort is to supply by parol evidence, not only the consideration, but the promise also; and if such a guaranty as is here attempted to be made out, by the evidence produced, could be enforced, it would be in the teeth of the plain terms of the Statute of Frauds, and would let in all the evils that it was the design of that Statute to exclude. Indeed, it would seem to be too plain for question, that a mere blank indorsement of a third party on an instrument, such as we have in this case, cannot be construed into such an agreement or note in writing as will gratify the Statute; nor is the Statute gratified, either in its letter or object, by the subsequent writing placed over the signature of the appellee by the appellant. See cases of *Jack vs. Morrison,* 48 *Penn. St.,* 113; *Shafer vs. F. & M. Bank,* 59 *Penn. St.,* 144, and *Wilson vs. Martin,* 74 *Penn. St.,* 159.

The case of *Gist vs. Drakely,* 2 *Gill,* 330, though much relied on by the appellant, has no application to this case. There, it is true, the notes were under seal, and they were indorsed by the defendant in blank, and he was held liable

Culbertson *vs.* Smith.

thereon. But such indorsements were made under special arrangement, and before the notes were delivered to the payee ; and these notes, thus indorsed, were used for the benefit of the defendant, and as means of paying his own individual indebtedness to the corporation, in whose name the notes were made. In that case, both the defendant and the corporation were liable, not upon a joint, but upon several original undertakings. The promise of each was a direct, original promise, founded upon the same consideration, in which both were interested. The credit was not given solely to either, but to both, as separate contractors, upon co-existing contracts, one under seal and the other not, but both contracts forming parts of the same general transaction. *De Wolf vs. Rabaud,* 1 *Pet.,* 476, 499. Such a contract is not within the provision of the Statute of Frauds, and hence, in the decision, there is no reference to the Statute.

With these views of the principles of law that control the case, this Court is of opinion that the several prayers offered by the appellant for instruction to the jury were properly rejected, and that there was no error in the instruction actually given by the Court below ; and the judgment must, therefore, be affirmed.

*Judgment affirmed.*

(Decided 16th December, 1879.)