LEWIS SEIGMAN, use of SAMUEL SHAFFER *vs.* DAVID
H. HOFFACKER.

*Pleadings—Evidence in a Suit on a Single Bill, for the use of
an Equitable Plaintiff, against an Endorser—The Endorser
of a Sealed Bill, not a Drawer—Form of Action.*

By the first count of his *narr.*, L. S., for the use of E. S., sued H., for
that on the 1st April, 1872, I. Z. S., by his single bill then overdue,
promised to pay to the order of the plaintiff $100, with interest,
for value received, twelve months after date; and the defendant at
the time of making said single bill, and before the delivery thereof
to the plaintiff, for value received, endorsed the same in writing,
and the plaintiff for value received, endorsed in writing said single
bill to the said E. S., the *cestui que use* and equitable plaintiff, and
the defendant thereafter promised to pay the said single bill
to the equitable plaintiff, but did not pay the same. The second
count of the *narr.* alleged the making of the single bill by I. Z. S.,
to L. S., the endorsement by L. S. in writing of the same to E. S.,
for value received, and that the defendant endorsed said single
bill in writing, and guaranteed for value received, the payment
thereof to the said E. S., but did not pay the same. The third
count was the same as the second, only adding a demand and
refusal to pay. The defendant pleaded that he was never indebted,
and never promised, as alleged. The plaintiff at the trial offered
the single bill and endorsements, and offered to prove in connec-
tion therewith, the signatures and names thereon, and that at the
time of the execution thereof, and before delivery of the same to
the payee, the defendant signed his name on the back as it
appeared; and further to prove that the payee for value received,
assigned the same to the equitable plaintiff; and also that after-
wards, on demand, the defendant had paid a part of the single
bill, and promised to pay the balance. The defendant objected to
this evidence as offered, and the Court below sustained the objec-
tion. On the exception of the plaintiff, it was HELD:

That the ruling of the Court below was correct, as the evidence
offered did not support the suit as brought.

Seigman, use of Shaffer *vs.* Hoffacker.

The endorsement of a sealed bill does not make the endorser a drawer. In such case the right of action is confined to the distinct and collateral contract which the endorsement creates.

In actions upon contracts under seal and *inter partes*, (except where the statutes for assignments give a different right,) the suit must be brought by a party to the instrument, although it be for the benefit of some one else mentioned in the instrument as a beneficiary under it. In a matter of simple contract, a promise to one for the benefit of another, may be enforced by the person for whose benefit the promise was made; and unless the promisee has some beneficial interest himself, he cannot maintain the suit. In such case, the suit is brought by the person beneficially interested; and the *narr.* alleges the promise to be to him; and the proof that it was made to another for his benefit, is admitted to support the declaration.

APPEAL from the Circuit Court for Baltimore County.

The case is stated in the opinion of the Court.

The cause was submitted to BARTOL, C. J., MILLER, ALVEY, ROBINSON, IRVING and RITCHIE, J.

*J. E. Smith,* and *J. T. Ensor,* for the appellant.

*W. P. Maulsby,* for the appellee.

IRVING, J., delivered the opinion of the Court.

The original writ issued in this cause is not in the record, and therefore it does not certainly appear whether this suit is in debt on the single bill set out in the *narr.*, or in case on the promise of the defendant which is alleged. The theory of the appellant's counsel, as disclosed by their brief, seems to be that the defendant was liable, by virtue of his endorsement, as an original promissor or maker; whereas the brief of the appellee's counsel treats the case as in *assumpsit.* For the purposes of this decision, it is immaterial which it is. The ruling of the Court below was correct, viewed in either aspect.

The first count in the declaration says, that Lewis Seigman, (the payee,) for the use of Emanuel Shaffer, sues David H. Hoffacker, "for that on the first day of April, eighteen hundred and seventy-two, Israel Z. Shuman, by his single bill now over-due, promised to pay to the order of the plaintiff one hundred dollars, with interest, for value received, twelve months after date; and the defendant, at the time of making said single bill, and before delivery thereof to the plaintiff, for value received, endorsed the same in writing, and the plaintiff, for value received, endorsed in writing said single bill to the said Emanuel Shaffer, the *cestui que use* and equitable plaintiff; and the defendant thereafter promised to pay the said single bill to the equitable plaintiff, but did not pay the same." The second count of the *narr.* alleges the making of the single bill by Shuman to Seigman, the endorsement by Seigman in writing, of the same to Emanuel Shaffer for value received, " and the *defendant* endorsed said single bill in writing, and *guaranteed* for value received, the payment thereof to the said Emanuel Shaffer, but did not pay the same." The third count is exactly the same as the second, only adding " a demand " and " refusal " to pay. The defendant pleaded that he was never indebted, and never promised as alleged ; that the single bill was made on Sunday ; and limitations. The plaintiff joined issue on the first three pleas, and replied new promise to the fourth.

To support his case, the plaintiff offered the single bill and endorsements, and offered to prove in connection therewith, the signatures and names thereon, and that at the time of the execution thereof, and before delivery of the same to the payee, the defendant signed his name on the back, as it appears; and further, to prove that the payee, for value received, assigned the same to the equitable plaintiff; and also that afterwards on demand, the defendant had paid a part of the single bill, and promised

to pay the balance.   To this evidence as offered, the defendant objected, and the Court having sustained the objection and rejected the evidence, the plaintiff excepted. The correctness of the Court's ruling in excluding the proffered proof is the sole question for consideration.

The action could not be maintained as a suit on the single bill ; for whatever may have been the effect of the appellee's endorsement of the single bill, it did not make him a drawer thereof, as is contended by the appellant's counsel, because his engagement was not under seal.   In such case the right of action is confined to the distinct and collateral contract which the endorsement creates. *Gist & Scott, Adm'rs of Gist vs. Drakely,* 2 *Gill,* 330 ; *Culbertson vs. Smith,* 52 *Md.,* 628.   The case of *Ives vs. Bosley,* 35 *Md.,* 262, and the case of *Walz vs. Alback, Ex'r,* 37 *Md.,* 404, which have been cited and relied on by appellant's counsel, have no application to this case. Those cases announce the well settled doctrine, that a party who endorses a promissory note, at the time of the making thereof, and before delivery to the payee, makes himself liable as a drawer.   In the interest of trade and to protect *bona fide* holders of such *promissory notes,* the law makes the "conclusive presumption " against such endorser, that he intended to be held as a drawer, and so holds him.   Where the instrument endorsed is a sealed bill a different rule applies, and the party so endorsing is presumed to enter into a different kind of engagement. *Gist vs. Drakely,* 2 *Gill,* 330.

The promise which is alleged in each count of the *narr.,* is a promise to the equitable plaintiff and not to the legal plaintiff.   The first count alleges a promise to the equitable plaintiff to pay him the amount of the single bill ; and the second and third counts allege the *endorsement* by the appellee and a *guaranty* to the equitable plaintiff of the single bill.   It is apparent, therefore, that the evidence offered does not support the suit as brought.   In

actions upon contracts under seal, and *inter partes*, (except where our statute upon assignment gives a different right) the suit must be brought by a party to the instrument, although it be for the benefit of some one else mentioned in the instrument as a beneficiary under it. 1 *Chitty's Pleading*, 4, 5, 8, and note 2; *Spencer vs. Field*, 10 *Wendell*, 87; *Baltimore Cemetery Company vs. First Independent Church of Baltimore*, 13 *Md.*, 117.

In a matter of simple contract, a promise to one for the benefit of another, may be enforced by the *person for whose benefit* the promise was made ; and unless the promisee has some *beneficial interest himself*, he cannot maintain the suit. 1 *Chitty's Pleading*, 5 *and* 6, and authorities there cited. In such case the suit is brought by the person beneficially interested, and the *narr.* alleges the promise to be to him ; and the proof that it was made to another *for his benefit* is admitted to support the declaration. *Ib.*

Here the suit is in the name of Seigman for the use of Shaffer, and the promise alleged is directly to Shaffer. The engagement *collateral* to the single bill, which is set out in the *narr.* is the contract sought to be enforced.

For aught that appears, in the pleadings or the proffered proof, the legal plaintiff has no interest in having the suit maintained. By the evidence tendered, he seems to have received payment of the single bill from the equitable plaintiff, and to have receipted the single bill accordingly to him ; and it is offered to show a partial payment by appellee to the equitable plaintiff and a promise to him to pay the balance. In the case presented we do not have one analogous to that of *Gist vs. Drakely*, (2 *Gill*,) where the plaintiff, endorsee in his own name was suing upon a guaranty, filled up over the defendant's endorsement by which payment was guaranteed directly to the plaintiff, and which under *the circumstances of that case* was sustained by the Court.

In this case there is no written guaranty, filled up on the single bill offered in evidence, to any body ;

and in no aspect of this case under the pleadings, was the evidence tendered admissible. It did not tend to establish the contract set out in the declaration. If the proof had gone in unobjected to, the Court must have granted a properly constructed prayer, that under the pleadings and evidence the plaintiff was not entitled to recover; so that there would be no ground for reversal under any contention of the appellants. The cases of *Mitchell, Adm'r vs. Williamson*, 9 *Gill*, 77, and *Shriner vs. Lamborn*, 12 *Md.*, 170, relied on by appellant's counsel as estopping the appellee from objecting to the evidence offered are not analogous, and do not apply. The rule established in those cases is, that if the *defendant pleads facts* which are not in bar of the action, and the *plaintiff* joins issue on *those facts* so pleaded, he, (the plaintiff,) will not be permitted to object to the proof of those facts. The difference between the cases is manifest. Here the plaintiff declares setting out his cause of action. The defendant simply denies he ever made such contract. His plea goes to the root of the plaintiff's claim by denying its existence. He was therefore, clearly not precluded from objecting to any evidence which did not support the contract alleged. We see no error and must affirm

*Judgment affirmed.*

(Decided 16th December, 1881.)