## THE WALTER A. WOOD REAPING AND MOWING MACHINE CO. *vs.* MARCUS J. ASCHER.

*Uneonditional Guaranty of Payment of Promissory Note.*

When one signs on the back of a promissory note a guaranty as follows: "For value received I hereby guarantee the payment of the within note. Demand for payment, protest and notice of protest waived," the obligation of the guarantor is absolute and unconditional, and the holder of the note is entitled to recover from him without proof of an endeavor to collect the amount of the note from the maker.

Appeal from the Circuit Court for Kent County (BROWN, J.)

The cause was submitted to the Court on brief by:

*Hope H. Barroll* and *James P. Gorter*, for the appellant.

No appearance for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

The appellant corporation sued the appellee in the Circuit Court for Kent County, upon his written guaranty of the payment of the promissory note of C. R. Atkinson. The defendant pleaded the general issue. At the trial of the case, before the Court without a jury, the plaintiff's prayer was rejected and the defendant's prayer, asserting the want of legally sufficient evidence to entitle the plaintiff to recover, was granted. A verdict and judgment were entered for the defendant and the plaintiff appealed.

The note was in the following form:

"$100.                    Chestertown, September 1, 1901.

On or before the first day of September, 1902, I, ———, of·Chestertown Post Office, Kent County, Md., for value received promise to pay to the order of The Walter A. Wood Mowing and Reaping Machine Co. one hundred dollars. Payable at Chestertown National Bank, Chestertown, Md.,

with intereet at legal per cent per annum from September 1, 1901, until paid.        C. R. Atkinson."

On the back of this note was written the following guaranty:

"For value received I hereby guarantee the payment of the *within note. Demand for payment, protest and notice of protest* waived.        Marcus J. Ascher."

The signatures to the note and the guaranty were admitted, and there was evidence tending to show that the note had been given by its maker in part payment for a mowing machine sold to him by Ascher as the plaintiff's agent.

The only bill of exceptions in the record is to the rulings of the Circuit Court upon the prayers. The plaintiff offered one prayer which asked the Court to rule as matter of law that if it appeared from the evidence that the note in question was executed by Atkinson and the guaranty thereon was executed by Ascher and the note was then passed to the plaintiff in part payment for the machine and that no portion of the note was ever paid then the verdict must be for the plaintiff for the amount of the note and interest less any credits thereon to which Atkinson appeared to be entitled.

This prayer the Court rejected and granted the one of the defendant asserting that there was no legally sufficient evidence to entitle the plaintiff to recover.

We have not the benefit of any expression by the learned Judge below of the views which led to his action upon these prayers, nor do we find in the record any sufficient support for that action.

No brief was filed in this Court on behalf of the appellee and the case was submitted to us by both parties without argument. It is stated however in the brief filed by the appellant that the Judge who heard the case was of the opinion that the guaranty sued on was a conditional one and that therefore the plaintiff's case was defective because it had offered no evidence tending to show either the exhaustion by it of its remedies against the maker of the note before suing the guarantor, or the insolvency of the maker. If such was the view of the case entertained by the Judge of the Circuit Court he fell into an error.

The guaranty is in terms predicated upon no contingency nor is it merely one of the *collectibility* of the note. It is a distinct and unequivocal guaranty of the *payment* of that obligation. Such a guaranty is uniformly treated by the leading text-books as an absolute one. 2 *Randolph on Com. Paper*, 2 ed., ch. 26, par. 850; *Daniel on Negotiable Instruments*, 5 ed., p. 799; *Brandt on Suretyship and Guaranty*, vol. 1, sec. 220; *Stearns on Suretyship*, sec. 61; 14 *A. & E. Encycl. of Law*, p. 1142, where it is said upon the authority of many cases that "the most usual form of absolute guaranty is that of payment." In *Townsend* v. *Cowles*, 31 Ala. 429, the Court held the words "I guarantee the payment of the within" endorsed on a promissory note and signed by the defendant to constitute an absolute engagement to pay the debt when due on default of the maker and permitted the holder of the note to recover from the guarantor without proof of having attempted to recover of the maker. In *Hungerford* v. *O'Brien*, 37 Minn. 307, it was held that the endorsement on a note of the words "For value I hereby guaranty the payment of the within note to Cassie Hungerford or bearer" constituted an absolute guaranty. The Court in that case said: "The nature of the obligation of the guarantor is affected by the character of the principal contract to which the guaranty relates. The note expresses the absolute obligation of the maker to pay the sum named at the specified date of maturity or before. The guaranty of the payment of *the within note* imported an undertaking, without condition, that, in the event of the note not being paid according to its terms—that is, at maturity—the guarantor should be responsible. The non-payment of the note at maturity made absolute the liability of the guarantor, and an action might at once have been maintained against him without notice or demand. Such was the effect of the unqualified guaranty of the payment of an obligation which was in itself absolute and perfect and certain as respects the sum to be paid, and the time when payment should be made. All of which was known to the guarantor, and appears upon the face of the contract. The liability of the guarantor thus be-

coming absolute by non-payment of the note, the neglect of
the holder to pursue such remedies as he might have against
the maker (the guarantor not having required him to act)
would not discharge the already fixed and absolute obliga-
tion of the guarantor, nor would neglect to notify the guar-
antor of the non-payment have such effect."

The same doctrine has been asserted or·recognized by this
Court in *Heyman* v. *Dooley*, 77 Md. 165–6; *Emerson* v. *Ault-
man*, 69 Md. 135, and *Mitchell* v. *McCleary*, 42 Md. 377.

The judgment appealed from must be reversed and the case
remanded for a new trial.

> *Judgment reversed with costs and new*
> *trial awarded.*