## WILLIAM J. MURPHY ET AL.

### *vs.*

## THOMAS W. STUBBLEFIELD.

*Appeal—Harmless Error—Guaranty on Note—Bona Fide
Purchase.*

That an objectionable question was permitted on cross-examination is not ground for reversal when the same evidence was admitted without objection.                                                p. 159

Where one purchases a negotiable note before maturity in good faith and for value, without notice of any defect in the title of the seller, a guaranty endorsed on the note passes there-with and partakes of the quality of the instrument on which it is written, and the purchaser takes it free from any defenses against it in the hands of the seller.                                      p. 160

*Decided November 21st, 1919.*

Appeal from the Superior Court of Baltimore City (BOND, J.).

The cause was argued, together with that next preceding, before BOYD, C. J., BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE, and ADKINS, JJ.

*John G. L. Lee,* with whom was *J. Albert Baker* on the brief, for the appellants.

*Watson E. Sherwood,* for the appellee.

THOMAS, J., delivered the opinion of the Court.

This is the second appeal in this case, the first appeal having been decided in 133 Md. 23, and the suit is by the holder or endorsee of the two promissory notes referred to in No. 13 Appeals of this term* against the guarantors of said notes.

---

*Ante, p. 147.

This case and No. 13 Appeals were argued together in this Court; the records contain practically the same pleadings and the same evidence; the prayers and exceptions thereto are the same; the first exception to the evidence is the same as the first exception in No. 13, and the brief of the appellant in No. 13 was refiled in this case.

The second exception is to the ruling of the Court below permitting the witness Robinson to answer the following question on cross-examination: "You then went to Mr. Stubblefield to sell this note, I presume?" In answer to the question the witness replied: "Whether you call it selling it or discounting it, I don't know, but I went there to get the money." Even if the question could be regarded as objectionable on cross-examination, the ruling of the Court could not amount to reversible error, as the same evidence was admitted without objection.

The evidence objected to in the third exception was clearly admissible to rebut the testimony of Mr. Robinson that he told the plaintiff that Mr. Bracey had an interest in the notes.

Smith H. Bracey testified that the notes were made by Fred A. Dolph "and endorsed by the people whose names are on the back of the notes"; that he paid for them and that they belonged to him, and that he gave them to Mr. Robinson "to get discounted," and told him if he could get them discounted he could take out the $700.00 he owed Robinson. Mr. Robinson testified that Mr. Stubblefield explained to him that he could not discount or loan money on notes and that he could only buy them, and that when Mr. Bracey gave him the notes "I had the pointblank authority to make the best deal I could."

It is said in 20 *Cyc.*, 1434, speaking of the transfer of notes with a guaranty endorsed thereon: "The courts do not agree as to whether such transferee, being innocent, takes the guaranty free from the equities of the guarantor," and that the better rule is that he takes subject to defenses which "existed between the original parties." In 14 *Amer. & Eng. Ency. of Law*, 1158, the author says: "According to a num-

ber of decisions, a guaranty indorsed on a note which is general and unrestricted in its terms passes with the title to the note, and in the hands of a *bona fide* holder is not subject to any defenses which may be set up as between the original parties. It is said in such case the guaranty runs with the instrument on which it is written and partakes of its quality of negotiability; that any person having the legal interest in the principal instrument takes in a like manner the incident, and the guaranty may be sued upon." After referring to cases holding that such a guaranty cannot be transferred to a third person, it is further said: "There yet remains to be considered a third class of decisions which seems to stand on middle ground between the two classes already cited. Briefly stated, the rule laid down by these decisions is that the transferee of a note on which a guaranty is indorsed may sue thereon in his own name, but that the assignee takes it subject to all the defenses which might have been interposed against it in the hands of the assignor." In 2 *Daniel on Negotiable Instruments* (6th Ed.), Section 1777, we find this statement: "But, on the other hand, there are cases which maintain that, although the guaranty on the paper, written at the time of delivery, specifies no person to whom the guarantor undertakes to be liable, and has no negotiable words, it runs with the instrument to which it refers, partakes of its quality of negotiability, and any person having the legal interest in the instrument takes in like manner the guaranty as an incident, and may sue thereon. And it has been said, in such a case, 'this view is consistent with the nature of the transaction, the evident intention of the parties, and the objects and uses of commercial paper.' This seems to us the better doctrine. By writing the guaranty on the paper, the guarantor evidences his intention to guaranteee the contract of the maker. That contract, being negotiable, is made with any and every person who may be the holder, and the guarantor is thus brought in privity with any and every person who becomes the holder. The aforegoing views of the text were recently approved in Indiana, in the case

of a note where above the name of the payee and indorser were written the words, 'We jointly or severally, for value received, hereby guarantee the prompt payment of the within note,' signed by two persons, and suit was brought by the indorsee of the payee against the guarantors."

In the case of *Wood Machine Co.* v. *Ascher*, 103 Md. 133, this Court, quoting from *Hungerford* v. *O'Brien*, 37 Minn. 307, said: "The liability of the guarantor thus becoming absolute by non-payment of the note, the neglect of the holder to pursue such remedies as he might have against the maker (the guarantor not having required him to act) would not discharge the already fixed and absolute obligation of the guarantor, nor would neglect to notify the guarantor of the non-payment have such effect."

The guarantee in this case, like the one referred to in *Wood Machine Co.* v. *Ascher*, is an absolute one, and we said on the former appeal: "The present defendants were clearly liable upon these notes whether viewed as endorsers or guarantors," thereby distinctly recognizing the right of the holder to maintain the suit in his own name against the guarantors.

The notes sued on upon the endorsement in blank by Fred A. Dolph, the maker, became payable to bearer, and the second prayer of the plaintiff must have been granted in this case upon the theory that if the plaintiff purchased the note before maturity in good faith and for value, without notice of any defect in the title of H. S. Robinson, the guaranty passed with the notes and the plaintiff took them free from any defenses against them in the hands of Robinson. This would seem to be in accordance with the better rule, on the theory that the guaranty partakes of the quality of the instrument on which it is written. The other exceptions in this case are disposed of in the opinion filed in No. 13 Appeals, and, as there are no reversible errors in any of the rulings of the Court below, the judgment will be affirmed.

*Judgment affirmed, with costs.*