## CONTINENTAL OIL COMPANY *v.* T. CLAYTON HORSEY ET AL.

[No. 67, October Term, 1938.]

*Decided January 10th, 1939.*

610

The cause was argued before BOND, C. J., OFFUTT, PARKE, SLOAN, MITCHELL, and JOHNSON, JJ.

*Edward T. Miller*, submitting on brief, for the appellant.

*J. DeWeese Carter*, with whom was *Thomas J. Keating, Jr.*, on the brief, for the appellee.

PARKE, J., delivered the opinion of the Court.

The question on this appeal is raised by a demurrer to the declaration in the action brought by the Continental Oil Company, plaintiff, against T. Clayton Horsey and G. Clifton Cohee, defendants, on a contract of guaranty given by the defendants to the plaintiff. The court at *nisi prius* sustained the demurrer, and entered a judgment on the ruling against the plaintiff, which has appealed.

The action was begun on April 4th, 1938. There is but one count, which declares on a contract whose terms of guaranty are contained in a letter dated March 15th, 1934, addressed to the plaintiff and signed by the defendants and delivered to the plaintiff. After its receipt and in consideration of the promises therein made, the plaintiff employed one William E. Cohee to handle the sale of the plaintiff's petroleum products, and other goods, wares, and merchandise on a commission basis during the period from March 19th, 1934, to March 26th, 1937.

The entire letter is duly set forth in the declaration. Omitting the wholly formal address and signatures, the body of the letter is of the following content and form:

"In consideration of your having agreed to appoint Mr. William E. Cohee of Denton, Maryland, as your commis-

sion representative at Denton, Maryland, to handle the sale of your petroleum products, and other goods, wares, and merchandise, on a commission basis;

"Now, therefore, we, the undersigned, guarantee to you any sum of money which may become due on account of stock shortage, cash shortage, or any form of shortage that might occur due to the fault of William E. Cohee.

"It is understood that our liabilities hereunder shall not exceed the sum of one thousand dollars ($1,000.00), for which this obligation shall be a continuing guarantee, subject to the right of cancellation by the guarantors by giving the Company thirty days notice in writing."

After the incorporation of this agreement, and the allegation that it was the inducement and consideration for the employment of William E. Cohee as above stated, the declaration alleges that when the period of employment ended on March 26th, 1937, "there was a shortage of cash due from the said William E. Cohee to the plaintiff in the amount of $666.21, which said shortage was admitted and acknowledged by the said William E. Cohee, and which is still due and unpaid unto the plaintiff."

The further allegations are that the defendants had not exercised the right of cancellation reserved in the contract, and that the defendants were each given written notice of the shortage on March 29th, 1937, and that, although demand had been made upon them, the defendants had failed and refused to pay the shortage.

The declaration is asserted to be defective in not alleging (a) that the cash shortage charged is due to the fault of William E. Cohee; and (b) that the plaintiff had taken steps to enforce the collection of the claim for the cash shortage against its defaulting agent, and had exhausted its remedy against him but the debt remained unpaid.

(a) The first point taken is based upon a misconception of the meaning of the contract. A shortage is the amount by which anything is deficient or short; a deficiency; deficit. *Funk & Wagnall's New Standard Dictionary; Century Dictionary; Webster's Unabridged Dictionary.* It is a word of general signification, and it may include

both a deficiency which may be without personal fault or one which may be the result of fault or crime. 58 *C. J.* 699, 700, and cases cited; 8 *C. J.* 465. The guaranty, however, in the instant case is not general, since it is not for every form of shortage. Again, it is not universal with reference to every shortage of a particular kind, as it would have been if the shortages provided for had been only those that might occur and be due to the fault of William E. Cohee. Instead of so agreeing, the parties to the contract have been selective and specific, since the guarantors have agreed to guarantee to the employer any sum of money which may become due from its employee to the employer for certain kinds of shortages, which are aptly described in terms and gain in certainty of definition by the contrast of their ascribed qualities. See *Hooper v. Hooper*, 81 Md. 155, 169-172, 31 A. 508. The first form is "stock shortage," which is limited to the sum of money due on account of a deficiency or shortage in the petroleum products, goods, wares, and merchandise which should be in the possession of the agent or employee on a commission basis; and this liability is absolute and without reference to any question of fault on the part of the agent. The second is "cash shortage" which is confined to shortage or deficiency in cash that is due to his employer and which the agent or employee has failed to pay. Again, this liability is absolute and without dependence upon any quality of fault. The third and final form, in contradistinction with the first two of stock and cash, includes any form of shortage that might occur, which involves the distinct and peculiar quality of having been occasioned by the fault of the agent.

Under this third category, any shortage which is not in respect of stock or cash, must, in order to make the guarantors liable, occur because of the fault of the agent. The term "fault" has the meaning of bad faith or mismanagement, neglect of duty, or a deviation from prudence, rectitude, or duty. *State v. Brown*, 73 Md. 484, 509, 510, 21 A. 374; 25 *C. J.* 676.

Every one of these three classes is distinguished by a

particular feature and so is not identical, but distinct and separate, and so intended by the parties to be kept and enforced. In order to make the final words of the last clause of the sentence that created the third class, apply to the two antecedent classes, it would be necessary to wrest these words from their context; to abandon a common sense reading of the contract, and also, to violate the rule of construction that, in a successive creation of classes by definition, the distinctive description of the last class is not generally effective beyond its last antecedent.

It follows that the first ground of the demurrer is not valid. The allegation by the declaration of "a shortage of cash due from the said William E. Cohee to the plaintiff in the amount of $666.21, which said shortage was admitted and acknowledged by the said William E. Cohee, and which is still due and unpaid unto the plaintiff," is a sufficient charge of an obligation within the terms of the guaranty.

The action is to recover under the undertaking of the defendants to guarantee to the plaintiff "any sum of money which may become due on account of * * * cash shortages" of William E. Cohee in handling the sale on a commission basis of plaintiff's petroleum products, and other goods, wares and merchandise. The cash shortage due on March 26th, 1937, amounted to $666.21, and the other allegations, which are admitted by the demurrer, were that this shortage was admitted and acknowledged by the agent and remains due and unpaid by him; and that the guarantors were notified of his default, and the action here pending was brought after demand upon the defendants, and their refusal, to pay this shortage.

On these allegations and the correct interpretation of the contract of guaranty, the obligation of the guarantors to pay the sum of money thus due is absolute and unconditional, and all the things and terms are fulfilled for its enforcement, without the necessity of an allegation in the declaration of an endeavor to collect by action against the principal debtor the amount of the shortage. The guar-

antors unconditionally promised over their signatures payment of the money due under the principal contract on the default of the principal debtor. The guaranty was an absolute undertaking, in consideration of which the plaintiff employed the principal promisor. *Nabb v. Koontz,* 17 Md. 283, 287, 288; *Hutton v. Padgett,* 26 Md. 228, 231; *Heyman v. Dooley,* 77 Md. 162, 26 A. 117; *Mitchell v. Mc-Cleary,* 42 Md. 374, 377. (See Code, art. 35, sec. 41, providing consideration need not be shown in writing.)

The reason that neither notice of the default of the principal, nor that steps should be taken to enforce the contract guaranteed against the principal, is necessary to bind the guarantors, is that the guaranty is unconditional and, so, absolute, and the liability of the guarantor is fixed on the principal's default. *Mitchell v. Mc-Cleary,* 42 Md. 374, 377; *Boyd v. Snyder,* 49 Md. 325, 343, 344; *Heyman v. Dooley,* 77 Md. 162, 166, 169, 170, 26 A. 117; *Wood Machine Co. v. Ascher,* 103 Md. 133, 135, 136, 62 A. 1023; *Booth v. Irving Nat. Exch. Bank,* 116 Md. 668, 674, 82 A. 652; *Murphy v. Stubblefield,* 133 Md. 23, 28, 104 A. 259; *Eastern Shore Brokerage & Commn. Co. v. Harrison,* 141 Md. 91, 98, 118 A. 192. See *Mitchell v. Dall,* 2 H. & G. 159, 174. It is otherwise if the guaranty is not enforceable immediately upon the default of the principal, but some contingency or condition must happen or the guarantee must take some steps to fix the liability under the guaranty. *Slingluff v. Andrew Valk Builders' Supply Co.,* 89 Md. 557, 559, 560, 563, 43 A. 759.

On the grounds here stated demurrer to the declaration should have been overruled, and the defendants required to plead.

*Judgment reversed, with costs to the appellant, and cause remanded for new trial.*