Mackin *vs.* State.

*Judgment affirmed.*

(Decided 29th May, 1884.)

JOSEPH MACKIN *vs.* THE STATE OF MARYLAND.

*General election—Act of 1882, ch. 92, known as the Local Option Law for Harford County—Sufficiency of Proclamation of an Election by Clerk of the Circuit Court—Evidence for the Court.*

The general election at which it was required by the Act of 1882, ch. 92, that the question whether intoxicating liquors or alcoholic bitters should be sold in Harford County, should be submitted to the qualified voters of said county, while not a " general election " in the sense employed in the Constitution, with reference to the election of members of the House of Delegates, was a general election in the sense of being general thoughout the State for members of Congress and Judges.

The Act of 1882, ch. 92, not having indicated the manner in which the clerk of the Circuit Court of Harford County should make proclamation of the result of the election ordered by said Act, a verbal proclamation by the clerk at the Court house door, " that the local option law had carried, and that the majority of the votes were against the sale of intoxicating liquors," was a sufficient compliance with the law.

Evidence, the effect of which would be to establish the existence of a law, should be addressed to the Court, and not submitted to the jury.

APPEAL from the Circuit Court for Harford County.

The appellant was indicted in the Court below for a violation of the Act of 1882, ch. 92, known as the Local

Mackin *vs.* State.

Option Law for Harford County, in selling and giving away certain spirituous liquor. The indictment is similar to that in the case of *Slymer vs. State,* (*ante,* page 237.) The traverser took only one exception, which was to the admission in evidence of the certificate of the judges of election, which showed the number of votes cast at the election for and against the said Act of 1882, ch. 92. The objections to the certificate as evidence are set out in the opinion of this Court. The traverser having been convicted, appealed.

The cause was submitted to ALVEY, C. J., STONE, MILLER, IRVING, and BRYAN, J.

*Joseph Mackin, in propria persona.*

*Charles B. Roberts, Attorney-General,* for the State.

IRVING, J., delivered the opinion of the Court.

The indictment in this case is exactly like that in *Slymer vs. The State,* which has just been decided. This case comes to us on appeal, and not by writ of error, therefore the demurrers are not before us for review; but if they were, what we have said in *Slymer's Case* is applicable here and would fully dispose of them. At the trial, the State, as evidence, that the law of 1882, ch. 92, had been submitted to the people of Harford County, and, that at the election held, a large majority of the votes cast had been cast in favor of the law, offered in evidence the certificate of the judges of election, which showed the number of votes cast at the election for and against the law. To this certificate the traverser objected, because the same was "addressed to the Clerk of the Circuit Court *of* Harford County, there being no such officer; and because there was no general election held on the first Tuesday after the first Monday in November, 1882, and because

there was no sufficient evidence, that a proclamation had been made as is required by the Act of Assembly of 1882, chapter 92; and because there was no allegation in the indictment, in this case, that such general election had been held; that such return of the judges of election had been made, or that such proclamation had been made under which such evidence could be offered."

1. The first objection is that the certificate of the judges of election which is offered as evidence, is addressed to the "Clerk of the Circuit Court of Harford County;" and that there is no such officer. The certificate in being addressed in that way, has followed the language of the Act of Assembly in giving direction for such return to be made to that officer. There is but one Circuit Court in that county, and there is but one clerk of such Court, so that it is very evident to whom the law meant it to be addressed. What we have said in *Slymer's Case*, which immediately precedes this, fully disposes of this point.

2. It is objected that there was no *"general election"* at the time designated. It may not have been a "general election" in the sense in which the Constitution uses those words with reference to the election of members of the House of Delegates; but it was a general election in the sense of being general throughout the State, for both members of Congress and Judges. It was that election which was meant, for the time for it is specially designated, so that objection cannot be sustained. 3. The *"third"* objection is, that there was no sufficient proclamation. Proof of the proclamation which was made seems to have been given without objection. The proof now offered should properly have preceded that, whereas now, the insufficiency of that proclamation is suggested as an objection to the introduction of this certificate of the judges in evidence. It was delivered to the deputy clerk, who filed the same. The clerk of the Court, without looking at it,

Mackin *vs.* State.

but on information of its contents, is shown to have gone to the Court house door and made verbal proclamation, that "the local option law had carried, and that the majority of the votes were against the sale of intoxicating liquors." He cannot say whether he gave the exact vote for and against, or not. We cannot say this was not a compliance with the law. It requires the clerk to make proclamation without directing him how to do it. Webster defines proclamation to be "the act of proclaiming; a declaration or notice by public outcry, such as is given by criers at the opening or adjourning of Courts." As a second definition he does give it as "a public notice in writing given by a State or city official of some act done by the Government or to be done by the people." According, therefore, to the common acceptation of the word, it seems that the clerk complied with the law. The proclamation directed to be made, in the absence of further explanatory words, seems only to have been an announcement in some form of the result certified by the judges, as a conclusion of the whole matter, and fixing the period from which the law became operative. The law does not say it shall be published in the newspapers, as it should have done if that was designed. As a means of giving notoriety to the result, it would have done but little, for the result of such an election would be fully known throughout the county before the county papers could circulate it. No surprise can be wrought by holding the proclamation good, whilst the will of the people would be seriously thwarted by holding it bad, through a construction of the statute which would impute to the Legislature an intent which has not been expressed, and would require of the clerk a duty not expressly imposed; and make him censurable for not doing that, which it is only guessed the Legislature intended he should do. It would have accorded with the more general practice, in such cases, to have made the proclamation by publication in

some newspaper ; (though as we understand, that has not uniformly been done;) but we cannot overthrow the law for the want of a more formal proclamation than that which has been made. The last objection raises the same question which was raised on the demurrers in *Slymer's Case* and is disposed of by the reasoning and decision in that case. It is proper to say, that the evidence excepted to and herein discussed, was allowed to go to the jury, whereas it should have been addressed to the Court alone, as going to the existence of the law ; but its conclusiveness was established by the Court's permitting it to go, and no harm was done. As we said in *Slymer's Case* the questions to which that evidence was applicable are wholly for the Court. Finding no cause for reversal, the rulings will be affirmed.

*Rulings affirmed, and*
*cause remanded.*

(Decided 29th May, 1884.)