THE COUNTY COMMISSIONERS OF CALVERT COUNTY *vs.* WILLIAM H. HELLEN.

*Constitutional law—Titles of Laws—Executive appointments.*

Section 29 of Article 3 of the Constitution provides, that "every law \* \* \* \* shall embrace but one subject, and that shall be described in its title." The Act of 1890, ch. 183, is entitled "An Act to create a treasurer for Calvert County, and to provide for the collection of taxes therein." HELD:

1st. That a provision in said Act authorizing the treasurer to appoint a deputy, was within the scope of the Act, and germane to the general subject embraced in its body and described in its title.

2nd. That a provision in the Act, that the deputy treasurer should be the clerk of the County Commissioners, was valid.

Section 13 of Article 3, of the Constitution providing that all "civil officers appointed by the Governor and Senate, shall be nominated to the Senate within fifty days from the commencement of each regular session of the Legislature," applies to the appointment of all civil officers by the Governor under laws in force at the commencement of the session, but not to appointments made under laws passed during the session.

Appeal from the Circuit Court for Calvert County.

The Act of 1890, ch. 183, entitled "An Act to create a Treasurer for Calvert County, and to provide for the collection of taxes therein," created the office of treasurer for said county, to be appointed by the Governor and authorized such treasurer to appoint a deputy, who should also be clerk to the County Commissioners. Under this Act George H. Jones was appointed by the Governor during the session of 1890, to be treasurer of said county, and the appointment was confirmed by the Senate. His nomination to the Senate was not made until after the expiration of fifty days from the commencement of the session. The treasurer appointed William H. Hellen his deputy, who thus became clerk to the Commissioners of Calvert County. The Commissioners refused to recognize Hellen as clerk, and to administer to him the oath of office, and to approve his bond; whereupon he applied for a *mandamus* to compel them to approve it, to administer to him the oath of office, and to recognize him as clerk. The Court below (Briscoe, C. J., and Brooke, A. J.,) passed an order directing the writ of *mandamus* to issue as prayed, and from that order this appeal is taken.

The cause was argued before Alvey, C. J., Robinson, Irving, Bryan, Fowler, and McSherry, J.

County Comm'rs of Calvert County *vs.* Hellen.

*Richard H. Hagner*, and *Daniel R. Magruder*, for the appellant.

*John B. Gray*, and *John P. Poe*, for the appellee.

FOWLER, J., delivered the opinion of the Court.

The only question presented by this appeal is the validity of the Act of 1890, chapter 183, entitled "An Act to create a Treasurer for Calvert County, and to provide for the collection of taxes therein."

It was earnestly contended on behalf of the appellants, that this Act is in conflict with section 29, of Article 3, of the Constitution of Maryland, which provides "that every law shall embrace but one subject, and that shall be described in its title." Secondly, that the appellee, who was not nominated to the Senate and appointed by the Governor within fifty days from the beginning of the session of the Legislature, was not nominated and appointed as required by section 13, of Article 2 of said Constitution, which provides that all "civil officers appointed by the Governor and Senate shall be nominated to the Senate within fifty days from the commencement of each regular session of the Legislature."

The title of this Act is brief, but comprehensive, and the one general subject described therein is the collection of taxes in Calvert County. The Act creates a treasurer, provides for his appointment, and the mode of collecting taxes by him. It is obvious that such a law necessarily involves provisions setting forth the tenure of office of the treasurer, his duties, compensation and powers, and among these powers is one authorizing him to appoint a deputy. This is clearly within the purview and scope of the Act, and germane to the general subject embraced in its body and de-

*Took no part in the argument although present.

scribed in its title. It would be absurd to require the title to set forth all the details of the Act. Such a construction would "embarrass legislation, and encumber laws with long and prolix titles." *Mayor, etc., of Annapolis vs. State of Maryland*, 30 *Md.*, 119. It was urged, however, that the Act of 1890, chapter 183, is void, in so far as it provides that the deputy treasurer shall be the clerk of the County Commissioners. But in *County Commissioners of Dorchester Co. vs. Meekins*, 50 *Md.*, 28, the Act of 1878, chapter 160, which creates a system for levying, collecting, and disbursing the public money of Dorchester County was held valid, and not obnoxious to section 29, of Article 3 of the Constitution, although said Act provided that the county treasurer himself should be clerk to the County Commissioners. We can see no reason why, if the Act of 1878, chapter 160, was held constitutional, the Act of 1890, chapter 183, should not be equally so. The former requires the treasurer of the county, and the latter the deputy treasurer, to perform the duties of clerk of the County Commissioners. "Every reasonable intendment must be made, * * * * and an Act will not be held unconstitutional, unless it is in such plain conflict with some provisions of the Constitution as to leave no discretion to the Court in the premises." See *Meekin's Case*, 50 *Md.*, 28.

The remaining objection is disposed of by the decision of this Court in the recent case of *Merrill, et al. vs. Board of County School Commissioners of Garrett Co.*, 70 *Md.*, 209, in which it was held that section 13, of Article 2, of the Constitution, applies "to the appointment of all civil officers by the Governor, under laws in force at the commencement of the session, but not to appointments to be made under laws passed during the session."

County Comm'rs of Calvert County *vs.* Hellen.

Agreeing with the views of the Circuit Court for Calvert County upon the questions involved in this appeal, its order will be affirmed.

*Order affirmed, with costs.*

(Decided 1st July, 1890.)