## FRANK J. CUSHING, Respondent, v. ERNEST HARTWIG, Appellant.

### Kansas City Court of Appeals, March 29, 1909.

1. **TAXBILLS: Assignment: Enforcement of Lien.** In an action to enforce the lien of taxbills issued by a city for the paving of a street, plaintiff, an assignee of the taxbills, is not entitled to recover without proof of the assignment.

2. ——: ——: **Appeal and Error.** The failure of an assignee of taxbills issued in payment for the paving of a street to prove the assignment may be urged on appeal, although the matter was not specially called to the attention of the trial court.

3. **MUNICIPAL CORPORATIONS: Council: Notice of Special Meetings.** Under Laws 1903, page 70, providing that "The mayor may, by proclamation, convene the common council in special session," the manner of calling the special session is left in the discretion of the mayor and any of the usual methods of publication would be sufficient for the purposes of the law.

Appeal from the Buchanan Circuit Court.—*Hon. W. D. Rusk*, Judge.

REVERSED AND REMANDED.

*Culver & Phillip* for appellant.

The court erred in refusing the demurrer asked by defendant at the close of all the evidence. The taxbills were issued to Phoenix Brick & Construction Co. The plaintiff, Cushing, therefore, cannot recover on them unless he proves the allegation in his petition that bills were assigned to him. There is no such proof in the record. St. Louis v. Brinckworth, 204 Mo. 294; Dunlap v. Kelley, 105 Mo. App. 4; Bank v. Pennington, 42 Mo. App. 356; Mayer v. Ald, 51 Mo. App. 214. At the time the ordinance authorizing the work was enacted the charter of St. Joseph had been amended so as to make it mandatory that the ordinance should specify the time within which the work

should be completed after the contract was let. Laws 1903, p. 64. The work was not completed within the time specified in the ordinance, and therefore the bills are void. Rose v. Trestrail, 62 Mo. App. 352; McQuiddy v. Brannock, 70 Mo. App. 535; Heman v. Gilliam, 171 Mo. 258; Hund v. Ratcliffe, 192 Mo. 323; Paving Co. v. Mum, 185 Mo. 552; Allen v. Labsap, 188 Mo. 697; Curtice v. Schmidt, 202 Mo. 720; Schibel v. Morrill, 185 Mo. 547. The charter requires that special meetings of the council shall be convened by the mayor by "proclamation." Laws 1903, p. 69. If the meeting was not convened in the manner provided by the charter it was illegal, and all acts done were void. Forry v. Ridge, 56 Mo. App. 615. It is the law generally that an ordinance cannot be amended by a mere resolution. Galt v. Chicago, 174 Ill. 605, 51 N. E. 653; Railroad v. Chicago, 174 Ill. 439, 51 N. E. 596; Cascaden v. Waterloo, 106 Iowa 673; 21 Enc. Law (2 Ed.), pp. 1000, 1003; 28 Cyc. 381, n. 24. And this is especially true where, as in the case at bar, the charter of the city provides the procedure for amending ordinances, which shows conclusively that all ordinances must be amended by ordinance. Laws 1903, p. 71, sec. 7. Besides, it is expressly stipulated by the charter of St. Joseph that the legislative power to establish, open, pave or otherwise improve streets shall be vested in the mayor and common council to be exercised by ordinance. R. S. 1899, sec. 5508, sub. viii. The power thus conferred must, therefore, be exercised by ordinance. Eichenlaub v. St. Joseph, 113 Mo. 402; Saxton v. Beach, 50 Mo. 488; Trenton v. Coyle, 107 Mo. 193; Hesey v. Charleston, 62 Mo. App. 381; Westport v. Mastin, 62 Mo. App. 647; Thompson v. Boonville, 61 Mo. 282; Saxton v. St. Joseph, 60 Mo. 158.

*Charles F. Strop* and *Eugene Silverman* for respondent.

Appellant is in no position to contend that there was no proof of the assignment. It has become axiomatic in our law that cases must be tried on appeal upon the same

theory presented to the trial court. Chinn v. Naylor, 182 Mo. 595, and cases cited. The fact of assignment was assumed by all parties and the court upon the trial, and practically admitted by appellant, and appellant cannot raise the question for the first time in this court. Farrar v. Railway, 162 Mo. 474; Pratt v. Conway, 148 Mo. 299; Goldstein v. Winkelman, 28 Mo. App. 439; Walker v. Sedalia, 74 Mo. App. 80; Reynolds' Appeal, 70 Mo. 70; Lancaster v. Briggs, 118 Mo. App. 577. In the following cases it was ruled that the objection that there had been no proof of the assignment could not be made in the appellate court for the first time. Conroy v. Beck, 91 N. Y. S. 80; Shingler, Johnson Co. v. Warehouse Co., 29 So. 770; Marx v. Logue, 15 So. 890; Kofka v. Levensohn, 41 N. Y. S. 368; Mors v. Sanford, 41 Pac. 1064; Ham v. Railway, 61 Ia. 716; Earle v. Insurance Co., 29 Mich. 418. It will not do to say that the question was raised by demurrer. Respondent asked and received an instruction defining the theory of his demurrer and in no manner called this point to the attention of the trial court. A general demurrer to the evidence cannot be used for injecting into a case on appeal questions not specifically called to the attention of the trial court. Bank v. Goodloe, etc., Co., 93 Mo. App. 123. The trial court found that the work was substantially completed within the original time. This being an action at law and the finding being supported by substantial testimony, that finding is conclusive upon this court. Warner v. Close, 120 Mo. App. 211; Colonial Trust Co. v. Millan, 188 Mo. 547; Keyes Farm and Dairy Co. v. McCrady, 120 Mo. App. 670. The special meeting was regularly convened. The Charter of the city of Saint Joseph requires no publication of the proclamation. Laws of 1903, p. 70, sec. 2; R. S. 1899, sec. 5507.

BROADDUS, P. J.—This action is to enforce a lien of five taxbills issued by the city of St. Joseph against the property of plaintiff for paving a certain street in

said city. A jury was waived and trial had to the court, which found for plaintiff and defendant appealed.

The taxbills were issued to the Phoenix Brick & Construction Company, which had the contract for and performed the work. On the trial, plaintiff, after having proved the signature of the city engineer to the taxbills, introduced the bills and rested his case without offering any proof of assignment of the bills to himself. The defendant then introduced the contract and the ordinance providing for the work.

The ordinance authorizing the work required that it should be completed in ninety days after the contract "shall be awarded." The contract was awarded June 10th and confirmed June 29, 1904. The specifications of the contract and ordinance required that the macadam should consist of three layers of stone, the top layer of which was to be crushed Joplin flint spread to a depth of three inches at the gutters and four inches in the center and covered with bonding gravel of screenings. About September 9th, the contractor had spread the top layer of rock, and an assistant engineer had begun measuring up the work, and the employees of the contractor had removed the barricades at each end of the street so that it might be used for travel. The city engineer refused to accept the work on the ground that the size and quality of the rock used by the contractor in the top layer of the pavement were not such as required by the specifications.

A special meeting of the city council was called on the said 9th day of September, at which the time for the completion of the work was extended for four months by resolution. It is not questioned but that the work was completed within the time of the extension.

The defendant introduced evidence that went to show that the work was not completed according to the requirements of the ordinance and contract. But it was shown that the work was done under the supervision of the city inspector, and that it met the approval of the

assistant city engineer, and further there was testimony that the work was substantially completed within the ninety days.

The meeting of the council, at which the resolution was passed to extend the time for completion of the work, was a special meeting which assembled on the call of the mayor made in the following manner: One copy of the notice of the meeting was posted on the door of the city hall, and one copy of the notice was presented to each member of the city council by the city clerk, and his presence requested at the meeting.

At the close of all the evidence, the defendant asked a declaration for a finding in his favor, which the court refused. The plaintiff was not entitled to recover without proof of the assignment to him of the taxbills. The plaintiff urges strenuously that as the matter was not specially called to the attention of the court defendant ought not to be permitted at this late date to avail himself of such omission. But, as the proof of the assignment was essential to plaintiff's right of recovery, we do not see how we can gloss over the matter without setting a precedent that would create much confusion and uncertainty and at the same time overturning a cardinal rule of practice requiring the plaintiff to make proof of all the material allegations of his petition that are put in issue by an answer.

The defendant challenges the legality of the resolution passed for an extension of the time for the completion of the contract on two grounds: First, because the meeting was not convened according to law. Second, because an extension of time could not be made by resolution, but, if made, it must be made by ordinance.

That part of section 2, Acts of 1903, p. 70, providing for special meetings of city councils, reads as follows: "The mayor may by proclamation convene the common council in special session, at which no business shall be transacted except such as may have been specially named in the proclamation of the mayor." There is nothing in

the act providing how the proclamation shall be published.

In our opinion previously rendered we held that the notice was not sufficient. Upon reconsideration we believe that we were in error in so holding. The Legislature having failed to provide how proclamation should be made, left the matter to the discretion of the mayor. Our holding that the proclamation should have been made through the medium of a newspaper, was in effect establishing an absolute rule for the guidance of the mayor, whereas the Legislature had provided otherwise, and that it was the exclusive duty of the mayor to determine what would be a sufficient publication; subject, however, to a review by the court as to whether the power had been exercised with proper discretion and that the publication made was reasonably sufficient for the purpose intended.

There being no statutory notice required, the only question left for consideration is, was the proclamation reasonably sufficient for the purpose intended. We have precedents in such cases. In Maryland, for instance, where it is said: "The act of 1882, Ch. 92, not having indicated the manner in which the clerk of the circuit court of Hartford county should make proclamation of the result of an election ordered by said act, a verbal proclamation by the clerk at the court house door that the local option law had carried and that the majority of the votes were against the sale of intoxicating liquors, was sufficient compliance with the law." [Mackin v. State of Maryland, 62 Md. 244.]

In English law a proclamation is a notice publicly given of anything whereof the King thinks fit to advise his subjects. [Lapeyre v. United States, 84 U. S. 191.]

A proclamation is nothing more nor less than giving public notice of anything done or to be done. And such notice is given in various ways—sometimes by publication in a newspaper; sometimes by written or printed handbills posted at public places; and sometimes orally.

We believe that any of the usual modes of publication would answer the purpose of the law, and it is not for us to say which the mayor should have adopted, as that was a matter left to his discretion by the Legislature.

The council had the power under the statute to extend the time for the contractor to complete the work, by resolution as well as by ordinance. [Sec. 9, Laws of 1903, p. 64.]

The defendant asked, and the court gave the following declaration of law: "The court declares the law to be that even though there was a city inspector present during the laying of the work, and the assistant city engineer on about September 9, 1904, measured the work, and the barriers were taken away, and the public were permitted to travel over the street, still if the city engineer decided and notified the contractor that the work had not been done in accordance with the contract and specifications, because the material used for the top dressing was not as required by the contract and specifications, and that if the court believes the city engineer acted in good faith in deciding that the material was not as required by them, and the city engineer refused to accept the work and required the contractor to take off the top layer of stone or a large portion thereof, and replace the same, and that the same was a material part of the entire work, and that said work so required to be done by the city engineer was not completed until after ninety days from the 29th day of June, 1904, had elapsed, and that at said last mentioned day the contractor had not substantially completed the work called for in said contract and specifications in accordance with the decision of said engineer, then the finding must be for the defendant."

It seems from the giving of said declaration of law that the court found that the work had been substantially completed in accordance with the contract and specifications. And as there was some evidence tending

to show that fact, the finding of the court is conclusive upon defendant.

Reversed and remanded.   All concur.