CHARLES MITCHELL *vs.* STATE OF MARYLAND.
EVERETT BEVANS *vs.* STATE OF MARY-
LAND, AND GROVER ADAMS *vs.*
STATE OF MARYLAND.

*Statutes; construction; title; Constitution, Art. 3, sec. 29; crim-
inal statutes. Acts of 1908, Ch. 27; restricting liquor traf-
fic in Worcester County. Laws; existence; question
for Courts. Local option laws; acceptance by the
people; proof. Appeals; exceptions; rules for.*

The cardinal rule in the construction of statutes is to ascer-
tain the intention of the Legislature, as expressed in the
words of the statute; for this purpose the whole Act must be
considered together.                              p. 364

The intention of the legislature is to be ascertained from the
language of the statute itself, and if this is plain and unam-
biguous, the legislature must be understood as meaning what
they have expressly declared.                      p. 365

Criminal statutes are strictly construed, and Courts will not
extend the punishment to cases not plainly within the lan-
guage used; but such statute must be fairly and reasonably
construed, and Courts will not exclude cases from their opera-
tion by any narrow or strained construction.        p. 364

Statutes must be construed with special reference to the sub-
ject-matter legislated upon and with regard to the manifest
mischief the act was intended to remedy.            p. 365

The Acts of 1908, Ch. 27, provided that it shall be "unlawful
for any person or persons, firm," etc., "directly or indirectly,
to barter, sell, give away or otherwise dispose of at a place of
business," any "intoxicating liquors, etc., within the limits
of Worcester county." *Held,* that the words in the statute,
"to give away or otherwise dispose of it at a place of busi-

ness," were not intended to allow the sale of intoxicating liquors at other than "places of business," but were for the purpose of enlarging the prohibition and making it unlawful to give or otherwise dispose of it at a place of business under any other circumstances and conditions, than those previously named in the statute.                                p. 364

To sustain an indictment under this Act for selling liquor in Worcester county, it is not necessary to allege that the sale was made "at a place of business" conducted by the traverser.
                                                    p. 364

The fact that the title of the Act of 1908, Chapter 27, prohibits the sale of intoxicating liquor, while the Act itself makes it unlawful "to give away," "otherwise dispose of," or "to take orders for" any intoxicating liquors, does not render the law unconstitutional under section 29 of Article 3 of the Constitution.                              pp. 365-366

The Court of Appeals will not decide any point or question which does not appear by the record to have been tried or decided by the Court below.                    p. 367

For an exception to the ruling of the trial Court to be considered on appeal, it must appear by the record that the exception was noted at the time the ruling was made.        p. 367

Nearly a month after the trial and conviction of the traverser an exception, signed by the trial Court, was taken to the verdict of the jury and the judgment and sentence of the Court, on the ground of want of proof of the legal existence of the statute under which the traverser was convicted. *Held,* that this was not an exception under the rules applicable to the taking and reserving of bills of exception.        p. 367

In a trial for the violation of a penal statute, the omission to prove the legal existence of the law is not fatal to the conviction of the traverser, the question being one for the Court and not one to be submitted to the jury.        p. 367

Courts are bound to take judicial notice of Public Local Laws as well as of Public General Laws.                p. 368

In a trial under an indictment for the violation of a penal statute, that was enacted as a "local option law" not to

become operative unless accepted by the public at an election, according to the provisions of the statute, it is not necessary to prove the legal existence of the law, unless the question is distinctly raised before the trial Court.      p. 369

*Decided April 5th, 1911.*

Appeals from the Circuit Court for Worcester County (JONES, J.).

The causes were argued together before BOYD, C. J., BRISCOE, PEARCE, BURKE, PATTISON AND URNER, JJ.

*George M. Upshur* (with whom was *Franklin Upshur,* on the brief), for *Grover Adams and Charles Mitchell,* appellees.

*John M. Handy* ( with whom were *Melvin* and *Handy,* on the brief), for *Everett Bevans,* appellee.

*Isaac Lobe Straus,* Attorney General (with whom was *William F. Johnson,* on the brief), for the appellant.

BRISCOE, J., delivered the opinion of the Court.

The traverser was indicted, on the second day of November, 1910, in the Circuit Court for Worcester County, for the violation of the Acts of 1908, chapter 27, commonly known as the local option law of that county. He was tried, convicted, and sentenced to pay a fine of one hundred and fifty dollars, and to be confined in the Maryland House of Correction for the period of six months. He has taken this appeal.

At the trial of the case the traverser demurred to the indictment upon the ground that it failed to allege the offense, in the language of the statute; that is, to charge that the sale of the intoxicating liquor was made at a place of business of the traverser; secondly, the act is unconstitutional and void, because in violation of Article 3, section 29, of the

Constitution of Maryland, which provides that every law enacted by the General Assembly shall embrace but one subject, and that shall be described in its title.

The objections, to the indictment, and to the validity of the Act of 1908, chapter 27, raised on the record, in this case, cannot be sustained, and, we think, the ruling of the Court below in overruling the demurrer was entirely correct.

The language of the second section of the Act of 1908, under which the indictment was framed, is clear and definite, in its legislative meaning and intent and can admit of but one construction.

It provides "that if the returns of the election provided for in section 1 of this act shall show that a majority of the votes cast at said election were against the sale of intoxicating liquors in Worcester County; that it shall be unlawful for any person or persons, firm, corporation or association of persons, *under any pretense whatever, directly* or *indirectly,* to barter, sell, give away *or otherwise dispose of it at a place of business,* or keep at any place whatsoever for the purpose of bartering or selling any spirituous, fermented or intoxicating liquors, alcoholic bitters or compounds within the limits of Worcester County; and it shall also be unlawful for any person or persons, firm, corporation or association of persons under any pretense whatever, within the limits of the county aforesaid, to take orders for any spirituous, fermented or intoxicating liquors, alcoholic bitters, or compounds, or for any person or persons, firm, corporation or association of persons, to operate as distributing or collecting agents for any spirituous, fermented or intoxicating liquors, alcoholic bitters or compounds".

The indictment charged that Charles Mitchell, the appellant here, of the county and state named in the indictment, on the ninth day of July, in the year 1910, at said county and state, unlawfully did sell certain spirituous, fermented or intoxicating liquors, to wit.: One gill of spirituous, fermented or intoxicating liquors to a certain Henry Davis, contrary to

the form of the Act of Assembly in such case made and pro-
vided and against the peace, government and dignity of the
State.

This indictment, it seems to us, clearly and sufficiently
charged an offense, within the statute, because the statute
by its very terms prohibits the sale of spirituous, fermented
and intoxicating liquors within the limits of Worcester
County and made it unlawful to keep, at any place what-
soever for the purpose of barter or sale any spirituous or
intoxicating liquors within the limits of that county. The
use of the words in the statute, "to give away or other-
wise dispose of it at a place of business", was not intended
to allow the sale of intoxicating liquors in the county at other
places than "a place of business", but they were inserted
for the purpose of enlarging the prohibition, and making it
unlawful, to give or otherwise dispose of it, under any other
circumstances and conditions, at a place of business, than
those previously named in the statute. It was not, therefore,
necessary to allege, that the sale was made "at a palce of
business" conducted by the traverser, because it was unlawful
under the provisions of the statute to sell directly or indirectly
spirituous or intoxicating liquors at any place whatsoever
within the limits of Worcester County. This is clear both
from the title, and the provisions of section 2 of the act itself.

The cardinal rule in the construction of a statute is to
ascertain the intention of the Legislature as it is expressed
in the words of the statute, and for this purpose the whole
act must be considered together. In *State* v. *Archer*, 73 Md.
57, this Court said this rule lies at the bottom of all statutory
construction. The law, it is true, in its tenderness for life
and liberety, requires that penal statutes shall be strictly
construed, by which is meant that Courts will not extend the
punishment to cases not plainly within the language used.
At the same time, such statutes are to be fairly and reason-
ably construed and Courts will not, by a narrow and strained
construction exclude from their operation cases plainly within

their scope and meaning. This intention is to be ascertained, primarily, of course, from the language of the statute itself, and if the language used in plain and unambiguous, the Legislature must be understood as meaning what they have expressly declared. *U. S. v. Lacher,* 134 U. S. 624; *Foby v. Fletcher,* 28 L. J. Exch. 100.

Statutes must also be construed with special reference to the subject matter legislated upon, and with reference to the manifest mischief the act was intended to remedy. *Alexander* v. *Worthington,* 5 Md. 472; *Roland Park Co.* v. *State,* 80 Md. 451; *Maxwell* v. *State,* 40 Md. 273; *Johnson and Wife* v. *Heald,* 33 Md. 352.

The construction we have thus given the act here in dispute not only, we think, accords with the well-settled rules of statutory interpretation established by the Courts, but carries out the legislative purpose and intent of the act itself.

It is contended, however, that section two (2) of the act is invalid and unconstitutional because in violation of Article 3, section 29 of the Constitution, for the want of a valid title.

The title of the act, it will be seen, is an act to enable the qualified voters of Worcester County to determine at a special election to be held Saturday, March 21, 1908, whether or not spirituous, fermented or intoxicating liquors, alcoholic bitters or compounds, shall be *sold* in said county and providing certain fines and penalties for the violation of the provisions of the same.

Now, it is objected, because section 2 in the body of the act makes it also unlawful in addition to the sale thereof "to give away", "otherwise dispose of", "to take orders for" and "to operate as distributing or collecting agents for", any spirituous, fermented or intoxicating liquors within the limits of the county, and as the last-named violations are not embraced in the title, the statute should be declared invalid. The answer to this contention, is, that the indictment and conviction in this case, is for the sale of liquor, and we are not concerned with the violation of the statute, in other

respects. The objection, however, is obviously not tenable upon authority.

· In *Cearfoss* v. *The State,* 42 Md. 403, this Court held, that the fact that giving was made an offense in the body of the Act, whilst the title prohibited the sale, did not render the Act unconstitutional under section 29 of Article 3 of the Constitution. *Slymer* v. *State,* 62 Md. 237; *Co. Commrs.* v. *Hellen,* 72 Md. 606; *Franklin* v. *State,* 12 Md. 236; *Parkinson* v. *State,* 14 Md. 202.

The only remaining question arises upon an alleged bill of exception taken and signed by the Court below on the 10th day of December, 1910, nearly one month after the 11th day of November, 1910, the date of the trial and the conviction of the traverser. The sentence was imposed on the 16th day of November and an order for an appeal to this Court was entered in the case on the 19th day of November, 1910.

The bill of exception is in these words: "The accused excepts to the verdict of the jury and to the judgment and sentence of the Court as being contrary to law because of a defect of proof, in that there was no evidence adduced and it did not appear at the trial that the Act of 1908, Chapter 27, was either voted on by the people of Worcester county, or whether the majority of the votes cast were for or against the sale of liquor; and that there was no other law in existence under which the sentence of the Court could have been imposed; and the accused prays the Court to sign and seal this his bill of exceptions, which is accordingly done this 10th day of December, 1910. ROBLEY D. JONES (Seal)."

This exception appears to have been taken to the verdict of the jury and the judgment and sentence of the Court, and purports to present an objection because of want or defect of proof, on the part of the State, as to the legal existence of the Act of 1908, Chapter 27, under which the traverser was convicted. The record does not show any ruling of the Court thereon or that the point was raised at the trial below.

In *State* v. *Williams,* 5 Md. 82, it was said, it is obviously incompetent for this Court to review a point or question not appearing by the record to have been decided in the Court below.

By Art. 5, sec. 9 (Rule 4) of the Code of Public General Laws it is distinctly provided as follows: That in no case shall the Court of Appeals decide any point or question which does not plainly appear by the record to have been tried and decided by the Court below.

In the case before us this question or point here relied upon was not even raised during the trial, and no exception to any ruling therein appears to have been reserved during the trial. It is difficult to see how this exception can be regarded as an exception at all and within the rules applicable to the taking and reserving of bills of exceptions.

*Mr. Poe,* in his work on *Practice,* sec. 319, vol. 2, says, that the invariable rule is for counsel to take an exception to a ruling, the correctness of which is denied, at the time such ruling is made, and unless so taken it will be held to be waived. *Railway Company* v. *Twombly,* 100 U. S. 78; *Hagan* v. *Hendry,* 18 Md. 177; *Cecil Bank* v. *Heald,* 25 Md. 562; *Boone* v. *Purnell,* 28 Md. 607; *Lee* v. *Rutledge,* 51 Md. 318; *Kendrick & Roberts* v. *Warren Bros.,* 110 Md. 76.

But assuming, without deciding, that the question sought to be raised was properly before us upon a ruling of the Court below, we should have no hesitation, upon authority, that the omission to prove the legal existence of the law was in no way fatal to the conviction of the traverser, because the question was one for the Court and not a fact to be submitted to the jury. *Mackin* v. *State,* 62 Md. 244.

The Act of 1908, Chapter 27, was a public local law, applicable to the entire County of Worcester, and the Court was bound to take judicial notice of it, upon the present state of the record.

In *Slymer* v. *State,* 62 Md. 237, this Court, in dealing with the Act of 1882, Chapter 92, known as the "Local Option Law" for Harford County, said, it is the duty of the

Courts to take judicial cognizance of public local laws, within the sphere of their operation, equally with public general laws. It was also said in that case that a law like the one there involved became a valid law of the State so soon as it received the approval of the Governor in constitutional form, notwithstanding its operation was deferred till a future time and was made entirely dependent upon the acceptance of the same by the majority of ballots or votes at an election held for the purpose of ascertaining their will. *Hammond* v. *Haines,* 25 Md. 558; *Fell* v. *State,* 42 Md. 71; *Crouse* v. *State,* 57 Md. 328; *Bishop on Statutory Crimes,* sec. 395.

It was further said in *Slymer's case,* whether the law has operative existence or not is a preliminary question for the Court and not the jury. If it were otherwise, we might have the anomalous state of things of one jury finding the law operative and the traverser guilty, and another jury finding the law had not been adopted and for that reason acquitting the accused. *Crouse* v. *State,* 57 Md. 328; *Mackin* v. *State,* 62 Md. 244.

The Court also held in *Slymer* v. *State, supra,* that no distinction can be taken in respect to the duty of the Court as to taking judicial cognizance of public general laws and public local laws. Both are general and uniform within the sphere of their operation and within the section, at least, where public local laws do prevail and operate, and the Courts must take judicial notice of them.

In *Jones v.* State, 67 Md. 256, the Court reaffirmed the doctrine of the cases of *Slymer* v. *State and Macklin* v. *State, supra,* and held that the Act of 1878, a local option law for Dorchester county, was a public and not a private law and any question affecting its legal existence belongs to the Court, which takes judicial notice of all such laws. *Slymer* v. *State, supra; Jones* v. *State, supra; Higgins* v. *State,* 64 Md. 419; *Dickey* v. *Pocomoke City Bank,* 89 Md. 298; *Graham* v. *Harford Co.,* 87 Md. 329; *Mackin* v. *State, supra.*

The question in *Whitman* v. *State,* 80 Md. 413, relied upon by the appellant, was raised on plea and as upon writ of

error, and we find nothing in this case inconsistent with the conclusion we have reached here.

It appears that the questions there passed upon were raised in the Court below by a demurrer to the plea, and presented here as on writ of error. The State, in that case, should have replied to the plea, setting up the legal existence of the law, and not demurred to the plea.

In this case the question was not raised at all, before the Court below, and is not properly presented here.

We do not understand, that it has been the practice in the First Judicial Circuit of the State nor in any other of the Circuits of the State, where such laws are in force, to prove the legal existence of local option laws, unless the question is distinctly raised before the Court below, but the Courts take judicial notice of them, as other public local laws. The law of the State upon this subject seemed to have been considered settled and not heretofore contested as announced in *Slymer* v. *State, supra,* and the cases there referred to, and no good reason has been stated why it should be now disturbed.

Finding no error in the rulings of the Court below, the judgment for the reasons stated will be affirmed.

*Judgment affirmed, with costs.*