JAMES F. THRIFT, Comptroller of the City of
Baltimore,

*vs.*

DANIEL C. AMMIDON, CLARINDON I. T. GOULD
AND ALFRED S. NILES, Comprising the
Board of Police Commissioners
for Baltimore City.

*Police Commissioners of Baltimore City: not bound to adver-
tise contracts, as are other boards of Baltimore City,
under section 36B of City Charter.*

The Board of Police Commissioners of Baltimore City are
not subject to the provisions of section 14 of the City Charter,
as amended by section 429 of the Acts of 1912, or of section
36B, as enacted by Chapter 539 of the Acts of 1914, requiring
the advertisement for proposals for any public work, or pur-
chase of supplies, etc., involving the expenditure of $500 or
more.                                             p. 130

  *Decided April 23rd, 1915.*

Appeal from the Court of Common Pleas of Baltimore
City. (Dobler, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER; STOCKBRIDGE and CONSTABLE, JJ.

*S. S. Field, City Solicitor,* for the appellants.

*Robert F. Stanton,* for the appellees.

PATTISON, J., delivered the opinion of the Court.

In this case the appellees, the Board of Police Commissioners of the City of Baltimore, filed their petition against the appellant, James F. Thrift, Comptroller of the City of Baltimore, asking that the writ of mandamus issue "commanding him to pay over the sum of $535.00 to pay the bill of the Baltimore City Printing and Binding Company, and to pay over all future requisitions for such sums of money as the petitioners may from time to time deem necessary for the purpose of discharging the duty imposed upon them, and to enable them to carry out the objects and intentions of the law pertaining to the Police Department of said City, and certified to the Mayor and City Council as provided for in section 747 of Article 4 of the Public Local Laws of Baltimore City, and which may have been collected by the City Collector of Baltimore, and delivered to the Comptroller of the City of Baltimore for the Board of Police Commissioners."

The petition alleges, in addition to other facts that need not be stated in arriving at our decision, that the petitioners, on the first day of January, 1915, made requisition on the appellant for the sum of $2,507.94, of which sum $535.00 was for the payment of a bill of the Baltimore City Printing and Binding Company which the appellant, on the 2nd day of January thereafter, declined and refused to pay, alleging as his reason therefor that no proposal for awarding said contract was advertised, as required by the provisions of section 14 of the City Charter, as amended by Chapter 429 of the

Acts of 1912, and that said contract was not approved by the Board of Estimates, as required by Chapter 539 of the Acts of 1914.

The appellant in his answer to the petition admits that the Board of Police Commissioners, as alleged in the petition, made requisition upon him for the payment of the aforesaid bill of the Baltimore City Printing and Binding Company for the said sum of $535.00, and that he refused to pay the same for the reasons alleged in the petition. In his answer he further admits "that there is an appropriation to the Board of Police Commissioners in the Ordinance of Estimates, for 1915, out of which said bill would be payable if properly contracted."

A demurrer to the answer was sustained and, as stated in the order sustaining the demurrer, the facts being admitted in the answer, it was ordered by the Court below that the writ of mandamus issue against the appellant, directing and requiring him to pay over the aforesaid sum of $535.00 to the Board of Police Commissioners to pay the aforesaid bill of the Baltimore City Printing and Binding Company; and "that he be further directed and required to pay over all future requisitions which the Board of Police Commissioners for the City of Baltimore may make from time to time for money levied and collected by the City Collector for the Board of Police Commissioners, and turned over to the City Comptroller of the City of Baltimore to be paid to said Board of Police Commissioners as provided for in section 747 of Article 4 of the Code of Public Local Laws for Baltimore," etc.

It is from the order sustaining the demurrer and granting the writ of mandamus that this appeal is taken.

This appeal presents the question whether the Board of Police Commissioners are subject to the provisions of the aforesaid section 14 of the City Charter as amended by section 429 of the Acts of 1912, and section 36-B as enacted by Chapter 539 of the Acts of 1914.

The first of these sections (Sec. 14 amended as aforesaid) provides that "hereafter, in contracting for any public work, or the purchase of any supplies or materials, involving an expenditure of $500 or more for the City, or by any of the City departments, sub-departments, or municipal officers not embraced in a department, or special commissions or boards, unless otherwise provided for in this Article, advertisements, for proposals for the same, shall be first published in two or more daily newspapers published in Baltimore City, twice or oftener, the first publication to be made not less than ten nor more than twenty days prior to the day set for opening the bids; and the contract for doing said work or furnishing said supplies or materials, shall be awarded by the board provided for in the next section of this Article, and in the mode and manner as therein prescribed."

The board mentioned in the "next section" is what is known as the Board of Awards, and the procedure to be followed by such board in awarding contracts is therein fully set forth.

Section 36-B, or Chapter 539, of the Acts of 1914, provides that "All purchases of property, and other contracts involving an expenditure of more than five hundred dollars, except those awarded by the Board of Awards under section 15 of the Charter, made by any department, sub-department, munic ipal officer, special commission or board, in addition to com· pliance with the other provisions of the Charter, shall be submitted to the Board of Estimates for its approval and shall be binding upon the City only when so approved."

It is admitted by the answer that the amount for which requisition is here made was appropriated to the Board of Police Commissioners by the Ordinance of Estimates for 1915, but it is contended by the appellant that the contract with the Printing and Binding Company, to which the said sum is owing thereunder, was not made in accordance with the provisions of the aforesaid sections of the Charter.

This presents the question whether the Board of Police Commissioners are subject to said Charter provisions.

Section 14 applies to "any of the City departments, sub-departments, or municipal officers not embraced in a department, or special commissions or boards, unless otherwise provided for in this Article;" and the contracts referred to in section 36-B, which are thereby required to be submitted to the Board of Estimates for its approval, are those made by any "department, sub-department, municipal officer, special commission or board."

In the case of the *Board of Police Commissioners* v. *Mayor and City Council of Baltimore, ante* page 111, we, in construing similar language found in sections 31 and 36 of the City Charter, held that the Board of Police Commissioners were not included within those mentioned as subject to the provisions therein contained, stating very fully our reasons for such conclusion, which reasons, we think, are applicable to this case, and therefore we deem it unnecessary to prolong this opinion by restating them. But as in that case and for the reasons there given, we think the writ of mandamus should not have been issued.

We will therefore reverse the order of the Court below sustaining the demurrer and granting the writ of mandamus, and dismiss the petition.

> *Order reversed and petition dismissed, with costs to the appellant.*