## JAMES REDMOND *v.* STATE OF MARYLAND.

[No. 38, January Term, 1928.]

*Decided April 4th, 1928.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Jerome A. Loughran* and *W. H. Surratt,* for the appellant.

*J. Hubner Rice, Assistant Attorney General,* and *Reuben D. Rogers, State's Attorney for Howard County,* with whom was *Thomas H. Robinson, Attorney General,* on the brief, for the State.

ADKINS, J., delivered the opinion of the Court.

Appellant was indicted for selling intoxicating liquor in Howard County. The indictment was as follows: "The jurors of the State of Maryland, for the body of Howard County, do on their oath present, that James Redmond, late of Howard County, on the 4th day of June, in the year nineteen hundred and twenty-seven, at Howard County aforesaid, unlawfully did sell to Gertrude Storm a certain large quantity of intoxicating liquor, contrary to the form of the act of assembly in such case made and provided, and against the peace, government and dignity of the state." The traverser demurred to the whole indictment and to each count thereof. The demurrer was overruled, a plea of not guilty entered and the case tried by a jury, which rendered a verdict of guilty, on which judgment was entered. This appeal is from that judgment. The sole question to be decided is the correctness of the ruling on the demurrer.

It may be well to give briefly the history of prohibition legislation in Howard County.

The act known as the local option act was passed in 1882. It is chapter 450 of that year. This act applied to the whole county. By the Act of 1892, ch. 281, Ellicott City was exempted from the operation of the local option law under cer-

tain conditions. The sections of the Act of 1892 were designated as sections 98A to 98G, inclusive, of article 14 of the Code of Public Local Laws of Maryland. Certain sections of the act of 1892, ch. 281, were repealed and re-enacted by chapter 249 of the Acts of 1902, but these amendments have no bearing on the present discussion. It was held in *State v. Mellor,* 140 Md. 364, that a druggist filling a prescription in accordance with the federal statute violated the local law. Whereupon the Act of 1922, ch. 277, was passed, amending chapter 281 of the Acts of 1892 so as to permit the filling of prescriptions by druggists in Ellicott City. The said Act of 1922 added a new section, section 98H, to said article 14 of the Code of Public Local Laws. When the Act of 1927, ch. 691, was passed, the new sections to be added to said Code were designated as sections 98H to 98N, inclusive, to follow immediately after section 98G, thus duplicating the number by which the former section 98H was designated, without expressly repealing that section.

The traverser was indicted under section 98H of chapter 691 of the Act of 1927. The title of that act and section 98H thereof are as follows:

"An act to add seven new sections to article 14 of the Public Local Laws of Maryland, title 'Howard County,' sub-title 'Liquor and Intoxicating Drinks,' to be known as sections 98-H to 98-N, inclusive, and to follow immediately after section 98-G of said article, as said section was enacted by chapter 281 of the Acts of 1892, prohibiting the manufacture, sale, or possession, under certain circumstances, of intoxicating liquor within said county, and for other purposes.

"Section 1. Be it enacted by the General Assembly of Maryland, that seven new sections be and they are hereby added to article 14 of the Public Local Laws of Maryland, title 'Howard County,' sub-title 'Liquor and Intoxicating Drinks,' to be known as sections 98-H to 98-N, inclusive, to follow immediately after section 98-G of said article, as said section was enacted by chapter 281 of the Acts of 1892, and to read as follows:

"98-H. It shall not be lawful for any person or persons, or any house, company, association or body corporate, to sell directly or indirectly, or receive orders for the purchase of, or give to any person or persons under twenty-one years of age, within the limits of Howard County, any spirituous or fermented liquors or intoxicating drinks of any kind whatsoever, or any article used or sold as a beverage in the composition of which whisky, brandy, high wines or alcohol, or any spirituous or fermented liquors shall be an ingredient or ingredients."

Appellant's contentions are:

1. That the Act of 1927, ch. 691, under which the indictment was drawn, violates section 29 of article 3 of the Constitution of Maryland, in that the title of the act does not sufficiently describe the subject of the act.

2. That said act does not conform to said constitutional provision, in that it purports to enact section 98H of the Code of Public Local Laws of Maryland, title "Howard County," sub-title "Liquor and Intoxicating Drinks," without repealing or attempting to repeal the prior section 98H of the same laws enacted by the Act of 1922, ch. 277.

3. That apart from the constitutional objections, the indictment is bad, because the act was apparently intended to prevent the sale, gift, etc. of intoxicating liquors to minors, and the indictment does not charge that the person to whom the traverser is said to have sold intoxicating liquor was a minor, and the evidence shows she was not a minor.

4. That the Act of 1922, ch. 277, provides that registered druggists in Ellicott City, holding permits from the United States Government, may sell on prescription, and if the indictment was drawn on the law as it stood prior to the Act of 1927, it is bad in that it does not state that traverser was not a registered druggist.

5. That under the provisions of the Act of 1892, ch. 281, the sale of intoxicating liquor was permitted in Ellicott City by any one holding a license to sell the same, and if the indictment was found under the Act of 1892, ch. 281, it is bad in

that it did not contain the averment that the traverser did not have a license to sell.

Taking these contentions in order:

1. This contention has been expressly decided against the appellant in *Mitchell v. State*, 115 Md. 360. See also *Parkinson v. State*, 14 Md. 184; *Cearfoss v. State*, 42 Md. 403. Besides, the question becomes unimportant, in the view we take of the meaning of the Act of 1927, whether the part of the act which prohibits giving intoxicating liquor to infants is valid or not. This will appear in the discussion of the third contention.

2. We find no merit in this contention. If both sections 98H could not stand, the earlier one would be repealed by implication. But it is not necessary for the purposes of this case to decide whether the two sections are so inconsistent that they cannot stand together. If the earlier one is not repealed, the later section is not rendered invalid by the mistake of the Legislature in giving it the number of an existing section.

In *County Commissioners v. Meekins*, 50 Md., at p. 45, it is said: "Neither is a law inoperative and void, because it is not enacted in articles and sections as directed by the 29th section of article 3 of the Constitution. * * * This is merely directory, and while in the passage of the Acts of 1870, ch. 449, and 1878, ch. 160, the Legislature may have failed to discharge the duty imposed upon it, the acts themselves are valid." This, in principle, disposes of the present contention. In *Thrift v. Ammidon*, 126 Md. 126, there was the same situation. It apparently was not then thought of sufficient importance to call for comment.

3. Here appellant, we think, entirely misconceives the meaning of the section. It is impossible to read it as printed, even if punctuation be disregarded, and construe it in accordance with this contention. The words "or receive orders for the purchase of" would have to be eliminated before the preceding words, "to sell directly or indirectly" could be held to apply exclusively "to any person or persons under twenty-one years of age." Reading the section in its natural sense it prohibits three things, viz.: (1) the selling directly or in-

directly within the limits of Howard County any spirituous or fermented liquors or intoxicating drinks of any kind whatever; (2) the receiving orders for the same within said limits; (3) the giving the same within said limits to any person or persons under twenty-one years of age.

But if this is not its obvious meaning, it certainly cannot be asserted that beyond any doubt the correct meaning is that contended for by appellant; and in case of doubt, there can be no reason for refusing to use punctuation as an aid, especially where, as in the statute before us, the punctuation throughout has been used with such precision and consistency. And if any attention is to be paid to the punctuation in this statute every possible doubt is removed.

In *Mitchell v. State,* 115 Md. 360, very much the same sort of construction was sought to be given to a statute by the traverser as that urged by appellant in this case. In that case the local option statute for Worcester County was before this court. In one section it was provided that "it shall be unlawful for any person or persons, firm, corporation or association of persons, under any pretense whatever, directly or indirectly, to barter, sell, give away or dispose of it (intoxicating liquor) at a place of business," etc. The indictment was demurred to because it failed to charge that the sale of the intoxicating liquor was made at a place of business of the traverser. The court said: "The use of the words in the statute 'to give away or otherwise dispose of it at a place of business,' was not intended to allow the sale of intoxicating liquors in the county at other places than 'a place of business,' but they were inserted for the purpose of enlarging the prohibition, and making it unlawful, to give or otherwise dispose of it, under any other circumstances and conditions, at a place of business, than those previously named in the statute."

So here the intended prohibition against giving to infants, was not intended to limit to sales to infants the preceding general prohibition against selling.

The court further said: "The cardinal rule in the construction of a statute is to ascertain the intention of the Legisla-

ture as it is expressed in the words of the statute, and for this purpose the whole act must be considered together * * *. Statutes must also be construed with special reference to the subject-matter legislated upon, and with reference to the manifest mischief the act was intended to remedy," citing a number of earlier cases.

It is impossible to read the present statute through without reaching the conclusion that its scope was intended to be general as to the prohibition against selling. It follows, of course, that in our opinion contention number three must be overruled.

4. This contention is specifically disposed of in *Parker v. State,* 99 Md. 189; and, in principle, by *Howes v. State,* 141 Md. 132, and cases therein cited.

5. In view of our disposition of the previous contentions, it becomes unnecessary to deal with this one. Of course if the Act of 1927 is valid, it repeals by implication the Act of 1892, ch. 281, as the two are repugnant and cannot stand together. *State* v. *Yewell,* 63 Md. 120.

*Judgment affirmed, with costs.*