R. LEGARE WEBB, ADMINISTRATOR *v.* MAYOR AND CITY COUNCIL OF BALTIMORE

[No. 1, April Term, 1941.]

*Decided April 30th, 1941.*

The cause was argued before BOND, C. J., SLOAN, JOHNSON, DELAPLAINE, COLLINS, and FORSYTHE, JJ.

*Willis R. Jones,* for the appellant.

*Hector J. Ciotti, Assistant City Solicitor,* with whom was *Charles C. G. Evans, City Solicitor,* on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

Henry H. Mormann died on April 24th, 1934, at Springfield State Hospital where he had been a patient since September 12th, 1928. On November 2nd, 1936, the Mayor and City Council of Baltimore City filed a

claim against his estate for money alleged to have been expended by it for the maintenance of the said Henry H. Mormann while an inmate in said hospital. This claim was filed before the filing of the final administration account. On June 4th, 1937, R. Legaré Webb, administrator of the estate, notified the Mayor and City Council in writing of his refusal to pay this claim. Within nine months thereafter, on February 28th, 1938, the Mayor and City Council entered suit to recover the amount of its claim. From the ruling of the court in refusing his two prayers the appellant excepted.

Article 43, section 63, Code 1939, provides as follows: "Any expenses incurred by the authorities of any city, town or county in maintaining in a hospital, or in a temporary place for the reception of the sick, a patient who is not a pauper shall be deemed to be a debt due from such patient to the authorities aforesaid, and may be recovered from him at any time within twelve months after the discharge from such hospital or place of reception, or from his estate, in the event of his dying in such hospital." The single question before this court on appeal is, all other questions having been abandoned by the appellant, does the limitation of twelve months imposed by the statute above referred to, apply as a special limitation against his estate in the event of a patient dying within the institution.

This court said in the case of *Healy v. State,* 115 Md. 377, at page 379, 80 A. 1074, at page 1076, "Primarily, the intention of the Legislature must be sought in the words employed to express it. If the meaning of the language used be plain and unambiguous, the Legislature must be understood to intend what is plainly expressed and nothing then remains but to give the intent effect. If the words of the law seem to be of doubtful import, it may then perhaps become necessary to look beyond them in order to ascertain what was the legislative mind at the time the law was enacted, what the circumstances were under which the action was taken, what evil, if any, was meant to be redressed, and what was the leading object

of the law." *Stoll v. Baltimore,* 163 Md. 282, 292, 162 A. 267; *Baltimore v. Home Credit Company,* 165 Md. 57, 64, 166 A. 604, 167 A. 552; *Davis v. Board of Education,* 166 Md. 118, 121, 170 A. 590; *State v. Fleming,* 173 Md. 192, 196, 195 A. 392. The above statute was enacted as chapter 155 section 10 of the Acts of 1882 and an examination of the Journals of the Legislature at the time of the enactment of the statute does not reveal the intent of the Legislature.

The statute provides in part "a debt due from such patient to the authorities aforesaid * * * may be recovered" in two situations, (1) "from him at any time within twelve months after the discharge from such hospital or place of reception," or (2) "from his estate, in the event of his dying in such hospital." Had the Legislature intended to limit the collection of the claim against the estate of the insane patient to twelve months after his death, it is reasonable to assume that the twelve months' limitation would have been repeated in the latter provision, as they are distinct situations. Judge Parke said in *Continental Oil Co. v. Horsey,* 175 Md. 609, at pages 612 and 613, 3 A. 2nd 476, at page 478, in construing a contract of guaranty, with three classes of shortage, all contained within the same sentence, and separated by commas, "Every one of these three classes is distinguished by a particular feature and so is not identical, but distinct and separate and so intended by the parties to be kept and enforced. In order to make the final words of the last clause of the sentence that created the third class, apply to the two antecedent classes it would be necessary to wrest these words from their context; to abandon a common sense reading of the contract, and also, to violate the rule of construction that in a successive creation of classes by definition the distinctive description of the last class is not generally effective beyond its last antecedent." It appears also that subsequent clauses should not be limited by independent precedent clauses unless the intention be clearly expressed. Quoting 59 *Corpus Juris,* page 990, "Punctuation may,

410

when the meaning of the statute is uncertain, be looked to in ascertaining the real meaning, or, if the punctuation gives the statute a reasonable meaning apparently in accord with the legislative intent, it may be used as an additional argument for adopting the literal meaning of the words of the statute thus punctuated." *Redmond v. State*, 155 Md. 13, at page 18, 141 A. 383. As stated by the judge below, in his opinion filed as a memorandum in the record, if a prolonged contest should develop over the will of a deceased patient or over the right to administer, whereby there would be no proper defendant against whom a suit could be maintained, or if such patient should die supposedly without assets and the existence of an estate be discovered subsequent to twelve months after his death, if the twelve months' limitation applied, recovery would not be possible. It is not reasonable to assume that the Legislature had any such intention.

It is, therefore, the opinion of this court that the twelve months' period of limitation imposed by the statute, article 43, section 63, does not apply to the clause "from his estate, in the event of his dying in such hospital."

*Judgment affirmed with costs.*